

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-1996

# Mints v. Ed Testing Ser

Precedential or Non-Precedential:

Docket 96-5067

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

## Recommended Citation

"Mints v. Ed Testing Ser" (1996). *1996 Decisions.* Paper 27.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/27

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 96-5067


JEFFREY A. MINTS

v.

EDUCATIONAL TESTING SERVICE,

                              Appellant


On Appeal from the United States District Court
        for the District of New Jersey
          (D.C. Civ. No. 95-03446)


    Submitted under Third Circuit LAR 34.1(a)
              October 10, 1996

BEFORE:  MANSMANN and GREENBERG, Circuit Judges,
         and HILLMAN, District Judge*

         (Filed: November 14, 1996)


                        William S. Greenberg
                        B. John Pendleton, Jr.
                        Mary Ann Mullaney
                        McCarter & English
                        100 Mulberry Street
                        Four Gateway Center
                        Newark, NJ  07101-0652

                            Attorneys for Appellant


                        Jeffrey A. Mints
                        60 Montague Avenue
                        Ewing, NJ  08628

                            Appellee pro se


*Honorable Douglas W. Hillman, Senior Judge of the United States
 District Court for the Western District of Michigan, sitting by
 designation.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Educational Testing Service ("ETS") appeals from an order entered January 5, 1996, awarding appellee Jeffrey A. Mints $8,436.78 in attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) ("section 1447(c)").  Mints initiated this action in the Superior Court of New Jersey, but ETS removed the case to the

district court under 28 U.S.C. § 1441(b).  ETS asserted that the district court had removal jurisdiction because, in its view, the case arose under the laws of the United States, in particular the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Mints subsequently moved in the district court to remand the case to the Superior Court.  The district court granted the motion and then denied ETS's motion for reconsideration.  Thereafter, Mints made a motion for attorney's fees and costs which the district court granted.  ETS then appealed the order awarding the fees and costs.  This appeal raises procedural questions as to the time when a court may enter an order requiring payment of attorney's fees and costs when it remands a case to a state court, as well as substantive questions regarding the standard governing the consideration of applications for such fees and costs.

## I.  FACTUAL AND PROCEDURAL HISTORY

Mints's complaint in the Superior Court included six counts which we describe in detail.  In the first count, he alleged that ETS terminated his employment on May 17, 1993, "by reason of his age" and thus violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, et seq. (West 1993).  He also alleged that the discrimination continued when ETS subsequently refused to rehire him.  He claimed that when ETS notified him that his employment was terminated, he was "within two years of vesting his eligibility for early retirement, including, but not limited to, pension, medical and other benefits."  He asserted that he suffered pain, emotional distress, and humiliation as a result of ETS's practices and that he "has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, medical benefits and other employee benefits that he would have received" but for his termination or otherwise would receive in the future.  Mints sought reinstatement, compensatory and punitive damages, and attorney's fees pursuant to N.J. Stat. Ann. § 10:5-27.1 (West 1993).  Significantly, the count did not indicate that ETS's

actions violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., nor did it allege that ETS's actions violated ERISA, or even that ETS discharged him so that he would not obtain rights vested under ERISA.

In the second count, Mints claimed that ETS discharged him by reason of his sex and that its actions constituted unlawful sex discrimination under the New Jersey Law Against Discrimination. He alleged that he suffered the same losses from sex discrimination as he suffered from age discrimination. Significantly, Mints did not allege that ETS's action violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., or ERISA, or that it discharged him so that he would not obtain rights vested under ERISA. In the third count, Mints charged that ETS terminated his employment because he suffered a disability. He brought this count under the New Jersey Law Against Discrimination and stated that he suffered the same losses as he suffered from the age discrimination. Once again, Mints did not bring his action under the federal statute paralleling the state discrimination claim, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., or under ERISA, and he did not assert that ETS discharged him so that he would not obtain rights vested under ERISA.

In Mints's fourth, fifth, and sixth counts he asserted common law claims for breach of contract, wrongful discharge, and defamation. Mints alleged in the breach of contract and wrongful discharge counts that he suffered the same losses as he set forth in the three discrimination counts, but in the defamation count he set forth only general losses and did not assert that he suffered the employment related losses he claimed in the other counts. Mints did not allege that he had a right to recovery under ERISA or any other federal law in any of these three counts.

Mints's omission of federal statutory causes of action under the ADEA, Title VII, and the ADA clearly was intentional, for at the time he filed his Superior Court action he also filed an action in the district court which tracks his state case but adds these three federal statutes as bases for relief. Thus, he made a strategic decision to file parallel actions in the federal and state courts, but to limit his state action to claims founded under state law.

On July 13, 1995, ETS filed a timely notice of removal of the Superior Court action to the district court. In the notice, ETS quoted the portion of the Superior Court complaint in which Mints alleged that ETS discharged him "within two years of vesting his eligibility for early retirement, including, but not limited to, pension, medical and other benefits." In addition, ETS set forth in the notice of removal that Mints was seeking benefits pursuant to a group employee welfare benefit plan. In view of these allegations, ETS asserted that the district court had jurisdiction under 28 U.S.C. § 1331 and ERISA, and it cited Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S.Ct. 478 (1990), and Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987), in support of its position.

Mints then moved in the district court to remand the

case to the Superior Court.  On September 19, 1995, the district court granted the motion to remand in an order and accompanying opinion.  In its opinion, the district court pointed out that under 28 U.S.C. § 1441 a defendant could remove an action started in a state court to a federal district court if the action is founded under federal law.  The court noted that ordinarily a district court has removal jurisdiction only if the federal cause of action appears on the face of the plaintiff's well-pleaded complaint.  See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-47 (1983).  Thus, the plaintiff is the master of the complaint and "may, by eschewing claims based on federal law, choose to have the cause heard in state court."  Caterpillar Inc. v. Williams, 482 U.S. 386, 399, 107 S.Ct. 2425, 2433 (1987).

The district court indicated, however, that in Metropolitan Life Ins. Co. v. Taylor, which ETS cited in its notice of removal, the Supreme Court recognized that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  481 U.S. at 63-64, 107 S.Ct. at 1546.  The district court then indicated that ERISA would preempt an action completely only if the defendant established "that the underlying state action involves the recovery of benefits due under the terms of a plan, the enforcement of rights under a plan or the clarification of the right to future benefits under the plan."  Mints v. Educational Testing Serv., No. 95-3446, slip op. at 6 (Sept. 19, 1995).  See Metropolitan v. Taylor, 481 U.S. at 66, 107 S.Ct. at 1547-48; 29 U.S.C. § 1132(a)(1)(B).

The court noted that ETS claimed that the case was removable because the complaint called into question Mints's rights under ERISA.  The court said that while Congress under ERISA has preempted state law claims "related to" employee pension and benefit plans, 29 U.S.C. § 1144(a), the fact that a plaintiff's claims might be deemed preempted does not establish that they are removable.  See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir.), cert. denied, 116 S.Ct. 350 (1995); Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir. 1995).  Here the court found that Mints's claim did not trigger federal jurisdiction.  Thus, it remanded the case to the state court where ETS could advance any preemption issue.

On September 19, 1995, the clerk of the district court mailed a certified copy of the remand order to the clerk of the Superior Court.  On September 29, 1995, ETS moved for reconsideration.  On November 9, 1995, the district court entered an order and accompanying opinion denying the motion for reconsideration.  Notwithstanding Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3d Cir. 1995), and Hunt v. Acromed Corp., 961 F.2d 1079, 1081-82 (3d Cir. 1992), which indicate that once the district court mails a certified copy of the remand order to the state court the federal court is divested of jurisdiction, the district court denied the motion for reconsideration on the merits.

On December 8, 1995, Mints moved for an award of attorney's fees and costs to compensate him for moving for the

remand and opposing ETS's motion for reconsideration. On January 5, 1996, the district court entered an order and accompanying opinion granting $8,437.68 in fees and costs. In its opinion, the court pointed out that ETS argued that the court lacked jurisdiction to grant the fees and costs and that ETS argued that fees and costs should not be assessed against it as it did not act in bad faith in removing the action. The district court ruled that it did have jurisdiction inasmuch as the Supreme Court in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447 (1990), held that a court could award attorney's fees under Fed. R. Civ. P. 11 after a plaintiff voluntarily dismissed a suit because "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." 496 U.S. at 395, 110 S.Ct. at 2455. The district court pointed out that courts have applied this jurisdictional approach under section 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See Miranti v. Lee, 3 F.3d 925, 927 (5th Cir. 1993); Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992).

The district court next considered the standard governing whether attorney's fees and costs should be assessed against a defendant who has removed a case from the state to the federal court when the court remands the case. The court pointed out that prior to its amendment in 1988, section 1447(c) authorized the award of fees when a case was "removed improvidently." Under that standard there was authority that a court could assess fees only if the defendant acted in bad faith in removing the action. See Schmitt v. Insurance Co. of N.A., 845 F.2d 1546, 1552 (9th Cir. 1988). The court indicated that the basis for awarding the plaintiff fees when a case is remanded now may be broader, as the court has broad discretion to award fees since the "removed improvidently" language has been removed from section 1447(c). See Gotro v. R & B Realty Group, 69 F.3d 1485, 1487 (9th Cir. 1995); Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992). The court nevertheless indicated that the propriety of the removal still may be a consideration in a determination of whether to require the party removing the action to pay costs and fees. See Miranti v. Lee, 3 F.3d at 928. The court, however, did not set forth definitively the basis for awarding fees, as it held that even under the pre-1988 standard, ETS improvidently removed the case. Thus, it entered the order for $8,437.68 in fees and costs. ETS then appealed.

## II. DISCUSSION

ETS makes both procedural and substantive arguments to support a reversal. Citing Trans Penn Wax v. McCandless, 50 F.3d at 225, and Hunt v. Acromed, 961 F.2d at 1081-82, ETS initially makes the procedural argument that the district court lost jurisdiction when the district court clerk sent the certified copy of the order of remand to the clerk of the Superior Court of New Jersey. It then points out that section 1447(c) provides

that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." It notes that under Fed. R. Civ. P. 54(d)(2)(B), a motion for attorney's fees must be filed and served no later than 14 days after the entry of judgment "[u]nless otherwise provided by statute or order of the court." In its view, this case comes within the "otherwise provided by statute" provision because section 1447(c) provides that the order of remand may require the payment of attorney's fees. Thus, ETS argues that any order for payment of attorney's fees had to be entered in the order of remand and not thereafter. ETS also points out that even if section 1447(c) permitted a motion for attorney's fees to be filed after the entry of the order of remand, Mints's application was late under Rule 54(d)(2)(B).

ETS makes the substantive argument that the court abused its discretion in awarding fees. This argument has three component parts: (1) ETS properly removed the case; (2) the case was not obviously nonremovable; (3) ETS did not act in bad faith in removing the case. Of course, ETS does not seek to reverse the order remanding the case, as under 28 U.S.C. § 1447(d) ("section 1447(d)") we do not have jurisdiction to review that order because the district court remanded the case for lack of subject matter jurisdiction, a cause for remand within section 1447(c).

We address ETS's procedural claims first, exercising plenary review, as these claims raise only issues of law. We agree with the district court that it did not lose jurisdiction to award fees and costs when the clerk of the district court mailed a certified copy of the order of remand to the clerk of the Superior Court. While there is no doubt that under Hunt v. Acromed Corp., 961 F.2d at 1081–82, the district court should not have reconsidered the order of remand after the clerk of the district court sent the certified copy of the order to the clerk of the Superior Court, the principles underlying our opinion in that case are not applicable with respect to the fee application. In Trans Penn Wax v. McCandless, 50 F.3d at 225, we explained that the Hunt v. Acromed holding was predicated in part on "the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference." If the district court entertains a post–remand application for fees and costs, it does not interfere with or even affect the proceedings in the state court. Thus, we see no reason why a district court cannot entertain a request for attorney's fees and costs in a remanded case merely because the clerk of the district court has mailed a certified copy of the order of remand to the state court.

Of course, a holding that the divesting of jurisdiction by the mailing of a certified copy of the order of remand does not preclude the award of attorney's fees and costs is consistent with Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, which held that a district court could impose sanctions under Fed. R. Civ. P. 11 after a plaintiff voluntarily dismissed an action. While we recognize that Cooter & Gell is distinguishable because it did not implicate the special

jurisdictional problems presented when a case is remanded to a state court, and because it involved an application under Rule 11 rather than under section 1447(c), the case still guides us. As the district court noted, other courts have followed Cooter & Gell and have allowed an award of attorney's fees under 28 U.S.C. § 1447(c) after a case has been remanded. See, e.g., Moore v. Permanente, 981 F.2d at 445. We are convinced that those courts are correct, as a post-remand application for fees and costs is collateral to the decision to remand and cannot affect the proceedings in the state court.

Even though Hunt v. Acromed does not bar the post-remand award of fees and costs, there understandably is support for ETS's argument that an award of attorney's fees under section 1447(c) must be included in the body of the order itself, since section 1447(c) states that an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." SeeUnited Broadcasting Corp. v. Miami Tele-Communications, Inc., 140 F.R.D. 12, 14 (S.D. Fla. 1991) ("This court is of the opinion that the plain language of the statute controls and clearly provides that if the court is going to award costs and expenses, including attorneys' fees pursuant to 28 U.S.C. § 1447(c), it must be taken care of in the order of remand."); Casal v. Casal, 132 F.R.D. 146, 150 (D.N.J. 1989) ("Section 1447(c) is inappropriate because the statute states only that the remand order of the Court may require the costs enumerated in the statute. The moving parties should have moved for costs under this provision at the time of remand."). This argument, predicated on the language of section 1447(c), is distinct from ETS's contention that the district court lost jurisdiction when the clerk of the district court mailed a certified copy of the remand order to the Superior Court.

Other courts, however, do not regard section 1447(c) itself as a bar to a post-remand award of fees and costs. In Moore v. Permanente, 981 F.2d 443, the court of appeals affirmed an order assessing attorney's fees against a defendant after the court remanded the matter. In the course of its opinion, the Moore court explained that: "[w]hile we have not addressed the specific question whether a district court retains jurisdiction to award costs and fees pursuant to section 1447(c) after remand, it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." Id. at 445.

In our view, section 1447(c), by providing that a court "may require payment" of costs and attorney's fees incurred as a result of the removal does not imply that the court cannot enter an order for payment of such costs and fees at some later time. In this regard, we observe that section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The duty of the district court to remand the case for lack of subject matter jurisdiction is not dependent on either party moving for a remand. Accordingly, while undoubtedly the appropriate practice for a district court which proposes

remanding a removed matter for lack of subject matter jurisdiction would be to invite the parties to submit their views before it enters the order for remand, particularly inasmuch as the court probably will not be able to reconsider its order after the clerk sends a copy of it to the state court, see Hunt v. Acromed, 961 F.2d at 1082 n.6, still it is possible that the district court might remand the case without seeking the parties' views. In fact, that is what happened in Hunt v. Acromed Corp., 961 F.2d 1079, where the court remanded the case on its own motion without seeking the views of the parties.

If the district court remanded the matter on its own motion, a conclusion that the order for remand must include any provision for costs and attorney's fees would deprive the plaintiff of the opportunity to seek to recover its fees and costs. While we recognize that in some cases those fees and costs would be limited to proceedings with respect to a motion to remand, so that the plaintiff would not have any costs and fees to recover in a case that the court remanded on its own motion, section 1447(c) does not provide that the court may require the defendant to pay only the plaintiff's costs and attorney's fees incurred in a motion to remand. Rather, section 1447(c) provides that the court may require payment of the costs and fees "incurred as a result of the removal." Such costs and fees could include items distinct from those incurred on a motion to remand. Accordingly, though we acknowledge that sometimes language such as "may require" can be deemed mandatory, we find that this is not such a situation.

In fact, we think that Congress used the "may require" language not to direct that an order for payment of costs and fees must be made, if at all, in the order of remand, but to make clear that the district court has discretion whether to order such payment. Our conclusion is supported by the courts' recognition that when remanding a case they are not required to order the payment of costs and fees. See, e.g., Moore v. Permanente, 981 F.2d at 447. So understood the "may require" language in section 1447(c) is not temporal and does not govern when a motion for costs and attorney's fees can be made or when an order for the payment of costs and fees can be entered.

We realize that it might be argued that by not limiting entry of an order for fees and costs to the time the order for remand is entered we would leave an open-ended period for a party, usually the plaintiff, to move for fees and costs after a remand. Such a fear, however, would not be well grounded. Fed. R. Civ. P. 54(d)(2)(B) directs that unless otherwise provided by statute or order of the court, a motion for attorney's fees and related nontaxable expenses must be filed and served "not later than 14 days after entry of judgment." We believe that an order of remand would be regarded as a judgment under Rule 54(d)(2)(B), even though it is not appealable, since the entry of the order would terminate the matter in the district court. Thus, although Fed. R. Civ. P. 54(a) provides that a judgment "includes a decree or any order from which an appeal lies" it does not preclude an order of remand from being regarded as a judgment within Rule 54(d)(2)(B) because a remand order, though not appealable, has

the same indicia of finality as an appealable order. Therefore, we do not read "includes" in Rule 54(a) as in all cases limiting a judgment to an appealable order.

ETS also argues that if section 1447(c) was not applicable in determining when Mints had to make his fee application, then Rule 54(d)(2)(B) was applicable, and under that rule Mints's motion for fees and costs was late. This argument certainly seems to be correct because Mints filed his motion on December 8, 1995, which was more than 14 days after November 9, 1995, when the district court entered its order denying reconsideration of its order of remand. Thus, even if we measure the 14 days from the denial of the motion for reconsideration rather than from the entry of the order of remand, Mints's motion was untimely.

Mints responds that ETS did not argue in the district court that Mints's motion was untimely under Rule 54(d)(2)(B). He thus contends that we should not entertain the argument, as ETS is raising the issue on appeal for the first time. We have examined the brief ETS filed in the district court on Mints's motion and have concluded that Mints's assertion is accurate. ETS did not cite Rule 54(d)(2)(B) in that brief. Rather, in the district court brief it made the procedural arguments that (1) section 1447(c) requires that an order for costs and attorney's fees must be included in the order of remand and (2) that once the clerk sent the certified copy of the order of remand to the Superior Court the district court lost jurisdiction.

We see no reason to entertain ETS's Rule 54(d)(2)(B) argument on appeal. Under Fed. R. Civ. P. 6(b)(2), if ETS had raised the Rule 54(d)(2)(B) contention in the district court, Mints could have asked the district court to extend the time for him to file and serve his motion. While Rule 6(b)(2) does list certain rules with time constraints that the court ordinarily cannot extend, Rule 54(d)(2)(B) is not one of them. Thus, if we entertained ETS's argument now that the motion was untimely, the most relief we reasonably could grant would be a remand for the district court to consider whether to extend the time for Mints to file the motion for fees and costs so that the December 8, 1995 motion would be deemed timely. At this late date, after the protracted proceedings in the district court and on this appeal, we will not remand the matter for reconsideration. Rather, inasmuch as the time constraint provision in Rule 54(d)(2)(B) is not jurisdictional, as the district court can extend the time for motions under that rule, we adhere to our usual practice of not entertaining arguments initially raised on appeal. See United Parcel Serv., Inc. v. United Bhd. of Teamsters, etc., 55 F.3d 138, 140 n.5 (3d Cir. 1995).

We now address the merits of ETS's appeal. We review the award of counsel fees on an abuse of discretion standard. See Deisler v. McCormack Aggregates Co., 54 F.3d 1074, 1087 (3d Cir. 1995); Moore v. Permanente, 981 F.2d at 447 (abuse of discretion standard used in fee award under section 1447(c)). The district court in its opinion granting fees and costs indicated that prior to 1988, section 1447(c) provided that the court could order payment of costs and fees on remanding a case

if the party against whom the costs and fees are sought improvidently removed the case.  In 1988, Congress amended section 1447(c), deleting the improvidently removed language and simply providing that on remanding a case the court could require the payment of costs and fees.  Congress, however, did not establish a standard governing when a court should require the payment of fees and costs to substitute for the improvidently removed standard.

Like the district court, we see no need to establish definitive criteria against which costs and attorney's fee applications under section 1447(c) must be judged.  ETS argues that it did not remove the case in bad faith.  While we will assume that this contention is correct, this assumption does not control our result, as we agree with the other courts of appeals which have held that the district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith.  See Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993); Moore v. Permanente, 981 F.2d at 447; Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d at 923–24.  Rather, a district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c).  See Moore v. Permanente, 981 F.2d at 449; Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d at 924.

We note that in Moore v. Permanente, 981 F.2d at 447, the court indicated that even though a remand order is unreviewable under section 1447(d), "some evaluation of the merits of the remand order is necessary to review an award of attorney's fees, regardless of the test applied."  While we do not go so far as to hold that an evaluation of the merits of a remand order is always necessary to review an award of fees under section 1447(c), we agree that section 1447(d), in precluding an appeal from an order of remand for a reason provided for remand in section 1447(c), does not preclude all evaluation of a remand order.  Section 1447(d) is intended to avoid the delays attendant upon appeal from an order of remand.  See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3d Cir. 1995).  An evaluation of an order of remand in the context of the review of an award of fees under section 1447(c) does not raise the concerns regarding delay that section 1447(d) seeks to avoid, as that evaluation will not interfere with the proceedings in the state court.  We also point out that a court of appeals might be reluctant to uphold an award of fees under section 1447(c) if it concluded that the district court erred in remanding the case for a reason enumerated in section 1447(c) even though it could not reverse the order of remand.

In some cases there are very difficult issues raised when a party removes a case filed in a state court to the district court and another party moves to remand.  See, e.g., Goepel v. National Postal Mail Handlers Union, 36 F.3d 306 (3d Cir. 1994), cert. denied, 115 S.Ct. 1691 (1995).  But this case is not difficult as there was no colorable basis for the removal. Mints brought this action under state law.  He made no claim that ETS's actions in terminating him and in failing to rehire him

violated any federal employment discrimination statute or ERISA. Furthermore, to prove his case Mints either must establish that ETS violated the New Jersey Law Against Discrimination or that he can recover against ETS by proving that it is liable on one or more of his common law counts. While Mints did plead that he lost rights protected by ERISA when ETS terminated his employment and he pointed out that ETS terminated him within two years of the time he would have become eligible for benefits upon taking early retirement, he did not assert that ETS fired him to avoid an obligation to pay benefits. Rather, he merely set forth the loss of his ERISA protected rights as a consequence of ETS's actions which allegedly violated state law. Furthermore, in many employment termination cases in which a plaintiff claims that the employer terminated him or her for discriminatory reasons, the employee will have lost ERISA benefits so that the employee's reinstatement will restore the benefits or a damages award may compensate the employee for their loss.

While this case is not the vehicle in which to set forth in detail when state causes of action will be deemed completely preempted by ERISA so that regardless of how the plaintiff pleads them they are of federal character and thus arise under federal law, we do state that this case is not even close to being in that category. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 356–61. Thus, the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial. In the circumstances, we cannot possibly conclude that the district court abused its discretion in ordering ETS to pay Mints's attorney's fees and costs with respect to the motion to remand and for reconsideration.

Mints has made a motion under Fed. R. App. P. 38 for the imposition of sanctions against ETS on the grounds that this appeal is frivolous. We will deny that motion because ETS has raised substantial procedural arguments on the appeal. SeeLiberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d at 751.
While we reject these arguments, we cannot regard them as frivolous.

The order of January 5, 1996, will be affirmed.