DPCC, INC. et al., Plaintiffs,

v.

CEDAR FAIR, L.P., et al., Defendants.

No. CIV. A. 97–7255.

United States District Court,
E.D. Pennsylvania.

June 19, 1998.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

This dispute arises out of agreements entered into between plaintiffs and defendants[1] in July 1992 for the purchase and sale of two amusement .parks—Dorney Park and Wildwater Kingdom. The dispute has a tortuous procedural history, involving state and federal actions brought in two states; its present incarnation is a petition to confirm an arbitration award, filed in Philadelphia Court of Common Pleas and removed by defendants, who asserted diversity and/or federal question jurisdiction as the basis for the removal. Plaintiffs have moved to remand the action to state court, arguing that there is neither diversity nor federal question subject matter jurisdiction present, and that the removal is untimely; plaintiffs have also moved for sanctions under Federal Rule of Civil Procedure 11 based on the allegedly improper removal. Defendants, meanwhile, have filed a motion to vacate or modify the arbitration award, although they did not seek judicial review of the award before the petition to confirm was filed. Because I have determined that there is no federal subject matter jurisdiction over plaintiff's petition, I will remand the case to the Philadelphia Court of Common Pleas, without reaching the motion for sanctions or the motion to modify the award. I will also require defendants to pay plaintiffs' fees and costs incurred as a result of the removal, as provided by 28 U.S.C. § 1447(c), because defendants had no colorable basis for removing this action.

Before reaching the jurisdictional issue, it is necessary to review the procedural history of this case, as it is set forth in plaintiffs' motion to remand. Plaintiffs' recitation is not disputed by defendants. The purchase and sale agreements entered into between plaintiffs and defendants on July 21, 1992 provided for arbitration of all disputes, including the validity of the agreements themselves, such arbitration to be held in Allentown, Pa., and administered by the American

John Mattioni, Philadelphia, PA, for Plaintiffs.

Sheldon L. Albert, Philadelphia, PA, Patrick G. Warner, Dennis Murray, Sr., Sandusky, OH, for Defendants.

1. Plaintiffs are DPCC, Inc. (formerly known as Dorney Park Coaster Co.), Pennsylvania Capital Corp. (formerly known as Wildwater Kingdom, Inc.), Harris L. Weinstein and Jupiter Executive Consultants, Inc. Defendants are Cedar Fair, L.P. and Cedar Fair Management Company, its general partner.

Arbitration Association. In September, 1994, defendants initiated a suit in state court in Erie County, Ohio seeking to strike the arbitration clause as void and unenforceable because they claimed that the contract, as a whole, was induced by fraud. Defendant Cedar Fair filed a second lawsuit against plaintiffs DPCC and PCC for incurring expenses in violation of the "South Whitehall Township Agreement".

In November, 1994, plaintiffs filed demands for arbitration with the AAA in Philadelphia and in Allentown, Pa. After defendants attempted to get an order from the Ohio court enjoining the Allentown arbitration, plaintiffs filed suit in the Court of Common Pleas in Philadelphia, seeking to enjoin the Ohio actions and compel arbitration. On January 17, 1995, the Philadelphia court enjoined the parties from proceeding with the Ohio actions and compelled them to arbitrate their disputes in Allentown, in accordance with the language of the contracts. On February 6, 1995, defendants brought suit in the U.S. District Court for the Western District of Ohio, seeking, *inter alia*, an order enjoining the Allentown arbitration from proceeding. Defendants also appealed the Philadelphia ruling to the Superior Court, which affirmed the trial court's ruling in September 1995. Meanwhile, plaintiffs attempted to begin arbitration proceedings in Allentown. Arbitration eventually began in July 1995, with the full participation of plaintiffs and defendants.

In August 1995, the Ohio federal court denied Cedar Fair's motion for a preliminary injunction (to enjoin the arbitration) and granted DPCC's motion to dismiss for lack of subject matter jurisdiction.[2] The arbitrator issued his decision and award in September 1997, ruling on several claims between the parties, with a net award to be paid to Cedar Fair et al. by DPCC, PCC and Harris Weinstein of $392,586.22. Plaintiffs filed a petition to confirm the arbitration award in the Philadelphia Court of Common Pleas. Defendants removed the petition to this court, asserting jurisdiction under both 28 U.S.C. § 1331 and § 1332.

### Diversity Jurisdiction

Defendants assert that this court has subject matter jurisdiction over this action because plaintiffs are citizens of Florida and Cedar Fair, L.P. is a citizen of Ohio or Delaware (defendants assert both). Defendants' assertion of diversity jurisdiction is in direct contravention of the rule of *Carden v. Arkoma,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), in which the Supreme Court held that, for the purposes of diversity jurisdiction, a limited partnership is a citizen of each state in which its partners—both limited and general—are citizens. Plaintiffs DPCC and PCC are limited partners of defendant Cedar Fair, L.P.; therefore, there can be no diversity jurisdiction over this action. Defendants' reliance on three district court cases in an attempt to escape the result commanded by *Carden* is ill-placed; in all of the cited cases the issue was whether the limited partnership was an indispensable party, i.e., whether it could be dropped from the lawsuit (and therefore, whether its citizenship could be disregarded). Defendants do not argue here that Cedar Fair, L.P. could be dropped from this action, or maintained as a nominal party, nor could they reasonably so argue, because the action they removed is a petition to confirm an arbitration award payable to them, i.e., the limited partnership and its general partner.[3] Cases in which the court concluded that the limited partnership was not a necessary party have no bearing on this case.

---

**2.** The court making the Ohio decision, attached as Exhibit B to plaintiffs' motion for remand, noted, at p. 5, that Cedar Fair, L.P., the plaintiff in that action, had originally asserted diversity as the basis of federal jurisdiction, but had withdrawn that basis and was now asserting federal-question jurisdiction based on the Federal Arbitration Act (the "Act"). The court stated that the Act neither conferred nor justified subject matter jurisdiction, and accordingly dismissed the matter for lack of jurisdiction. The Ohio decision

thus appears to be *res judicata* with regard to Cedar Fair's assertion of jurisdiction based on the Act in this action, an alternative basis for remand.

**3.** Although the arbitration award is payable by plaintiffs to defendants, the award amount is a fraction of the amount ($11,362,335.44) defendants claim as damages.

*Federal Question Jurisdiction*

 Alternatively, defendants seek to invoke this court's jurisdiction by reference to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("the Act"), which by its terms governs contracts involving interstate commerce (§ 2), and which gives a federal court authority to confirm an arbitration award "if the parties have agreed that a judgment of the Court shall be entered upon the award made pursuant to the arbitration ..." (§ 9). The Act, however, does not supply an independent basis of jurisdiction, but only supplies governing law for cases otherwise properly in federal court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 942, n. 32, 74 L.Ed.2d 765 (1983) ("[The Arbitration Act] creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise."); *Virgin Islands Housing Authority v. Coastal General Construction Services Corp. et al.,* 27 F.3d 911, 915 (3d Cir.1994)("[T]he Arbitration Act does not supply federal jurisdiction where it does not otherwise exist.") Federal jurisdiction must not only exist independently from the Arbitration Act, the independent basis must appear on the face of the complaint. *Id.,* citing *Prudential–Bache Securities, Inc. v. Fitch,* 966 F.2d 981, 988–9 (5th Cir.1992). Suffice it to say that nothing appearing on the face of the petition to confirm the arbitration award raises any issue arising under federal law. Defendants' statement, that because the contract involves interstate commerce, a federal district court is the only court with jurisdiction to confirm the award, is unsupported and unsupportable by the relevant case law, and by the Act itself.

*Timeliness of removal*

Finally, plaintiffs argue that any basis for federal jurisdiction, if it existed, would have been discernible from the face of the 1994 action filed in Philadelphia Court of Common Pleas to compel arbitration and enjoin the Ohio lawsuits, and that therefore, this removal is untimely. Having determined that there is no subject matter jurisdiction over this action, I need not reach this issue. I note, however, that if I were to do as defendants ask, i.e., look to the nature of the underlying dispute (the 1994 action) to determine whether diversity or federal-question jurisdiction exists, then the removal would clearly be untimely, as the removal statute requires that a case be removed within thirty days of service of the initial pleading or "other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action." 28 U.S.C. § 1446(b).[4] If I look to the 1997 petition to confirm the arbitration award, which is the pleading actually removed by defendants, there is no subject matter jurisdiction.

*Fees and Costs pursuant to 28 U.S.C. § 1447(c)*

 Section 1447(c) provides that "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs have requested an award of fees and costs as part of their motion for remand, asserting that "the removal was frivolous and not supported by law or fact".

A district court "has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educational Testing Service,* 99 F.3d 1253, 1260 (3d Cir.1996). There are no definitive criteria against which applications for fees and costs under section 1447(c) are judged. *Id.* Fees and costs may be awarded as part of a remand order without a showing that the removal was filed in bad faith. *Id.*

In *Mints,* the court of appeals upheld an award of fees and costs as part of a remand order in an employment discrimination case brought under the New Jersey Law Against

---

4. The 1994 action appears, in any event, to have the same jurisdictional defects as the current petition; it involves claims between a limited partner against the partnership, and it raises no question arising under federal law.

Discrimination, noting that the allegations that plaintiff lost ERISA-protected benefits as a result of the allegedly unlawful conduct were "not even close" to the category of cases where ERISA preempted actions brought under state law. 99 F.3d at 1261. Given the clear rule of *Carden v. Arkoma* regarding the citizenship of limited partnerships for diversity purposes, and the unambiguous language of the Arbitration Act and *Moses H. Cone*, I conclude that defendants have come "not even close" to raising a colorable argument supporting removal, and that therefore, fees and costs incurred by plaintiffs as a result of the removal will be awarded.

**THEREFORE,** this 19th day of June, 1998, upon consideration of plaintiffs' motion for remand (docket # 3), defendants' response, plaintiffs' reply, defendants' motion to vacate or modify the award (docket # 7), plaintiffs' response, plaintiffs' motion for sanctions (docket # 12), and defendants' response, **IT IS ORDERED AS FOLLOWS:**

1) Plaintiffs' motion for remand (docket # 3) is **GRANTED.** This matter is **RE-MANDED** to the Court of Common Pleas for Philadelphia County.

2) Defendants' motion to vacate or modify the award (# 7) is **DENIED AS MOOT.**

3) Plaintiffs' motion for sanctions (docket # 12) is **DENIED AS MOOT.**

4) Plaintiffs shall submit their application for fees and costs, pursuant to 28 U.S.C. § 1447(c), with supporting affidavits, on or before July 10, 1998.