**REGIONAL EMPLOYERS' ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST**

v.

**Robert G. TRUAX, et al.**

**No. Civ.A. 04–4360.**

United States District Court, E.D. Pennsylvania.

Nov. 19, 2004.

Jeanne D. Bonney, Koresko & Associates, P.C., Bridgeport, PA, for Plaintiff.

William L. Ryan, Archer & Greiner, Philadelphia, PA, for Defendants.

*MEMORANDUM*

BARTLE, District Judge.

Before the court is the motion of plaintiff to remand this action to the Court of Common Pleas of Montgomery County, Pennsylvania on the ground that removal was untimely.

Plaintiff, Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust, a multiple employer welfare benefit plan, has brought a declaratory judgment action through PennMont Benefit Services, Inc., its plan administrator, pursuant to the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against RPS & V Corporation and Roberto Truax, individually and in his capacity as CEO and Vice President of RPS & V Corporation. Plaintiff contends that Mr. Truax, on behalf of himself and RPS & V, took actions that were against the interest of the plan and potentially jeopardized plan assets.

On June 9, 2004, plaintiff commenced this action in the state court by filing a praecipe for a writ of summons. *See* Pa. R. Civ. P. 1007(1), 1351. On June 14, 2004, service of the writ on both defendants took place. The complaint was served on August 20, 2004, and defendants filed a notice of removal on September 14. On October 6, 2004, plaintiff followed with the instant motion to remand.

The removal statute requires that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based." 28 U.S.C. § 1446(b). Plaintiff argues that the writ of summons was the initial pleading which put defendants on notice that a federal question was involved. Since defendants removed the action more than 30 days after the writ was served, plaintiff contends that removal was out of time. Defendants maintain that they did not become aware of a federal question until the service of the complaint and that they acted in a timely fashion thereafter.

The key question we must decide is whether plaintiff's writ of summons provided adequate notice to defendants of federal jurisdiction and thereby triggered the thirty-day period for removal. Our Court of Appeals addressed this issue in *Foster v. Mutual Fire, Marine and Inland Ins. Co.*, 986 F.2d 48 (3d Cir.1993). In that case, the Court held that " § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction." *Foster*, 986 F.2d at 54. The Court explained that the notice of federal jurisdiction must be found on the face of the filing, regardless of what information may be known or supplied to the defendants from other sources. Thus, in determining whether a defendant has adequate notice of federal jurisdiction, our inquiry "begins and ends within the four corners of the pleading." *Id.* at 53, 54. In short, we must decide "whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Id.* at 53 (quoting *Rowe v. Marder*, 750 F.Supp. 718, 721 (W.D.Pa.1990)).

■ In the instant case, the writ of summons identified the names of the parties and contained the sentence, "You are hereby notified that the REGIONAL EMPLOYERS' ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFI-CIARY ASSOCIATION TRUST by Penn-Mont Benefit Services, Inc., Plan Administrator, has commenced an action against you." The caption of the writ also stated, "ERISA and other relief." Unlike the subsequent complaint, no other allegations or facts were set forth. Plaintiff submits that the inclusion of "ERISA and other relief" in the writ of summons was sufficient to put defendants on notice that a federal claim for relief was being alleged. We agree. ERISA is a long-standing and widely known acronym for the Employees Retirement Income Security Act, a statute enacted by Congress, which establishes claims for relief over which the federal courts have subject matter jurisdiction. *See* 29 U.S.C. § 1132(e)(1). Defendants were aware or should have been aware from reading the writ of summons that plaintiff was asserting a cause of action cognizable in the federal courts. Defendants were served with the writ on June 14, 2004. Because they did not file their removal notice within thirty days thereafter, removal of the action to this court was untimely.

■ Plaintiff also contends that it is entitled to attorneys' fees in connection with the removal petition. It submits that this court "may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith." *Mints v. Educational Testing Service*, 99 F.3d 1253, 1259 (3d Cir.1996) (citations omitted). We agree with plaintiff that removal was improper in this case and that defendants could have been more diligent in examining the writ of summons. However, we do not find defendants' assertions of jurisdiction in their notice of removal were either frivolous or so "insubstantial" so as to justify an award of counsel fees to plaintiff. *See Thomas v. Hanley*, CIV.A. No. 97–2443,

1997 WL 563402, at *7 (E.D.Pa.1997) (citing *Mints,* 99 F.3d at 1261).

Accordingly, we will grant the motion of plaintiff to remand this action to the Court of Common Pleas of Montgomery County, Pennsylvania. Plaintiff's request for attorneys' fees and costs will be denied.

## ORDER

AND NOW, this 19th day of November, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of plaintiff to remand this action to the Court of Common Pleas of Montgomery County, Pennsylvania is GRANTED; and

(2) plaintiff's request for attorneys' fees and costs is DENIED.