**Edward SATERSTAD, Appellant**

v.

**Kevin STOVER; Kelly Stover; Henry Klugh; Mark Amway.**

No. 07–2384.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed Oct. 5, 2007.

Edward Saterstad, Somerset, PA, pro se.

Kimberly A. Boyer–Cohen, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Kevin Stover, Kelly Stover.

BEFORE: SLOVITER, CHAGARES and COWEN, Circuit Judges.

OPINION

PER CURIAM.

This is an appeal from the district court's denial of Edward Saterstad's motion seeking payment of expenses incurred as a result of defendants' removal of the action to federal court. For the following reasons, we will summarily affirm. *See* I.O.P. 10.6.

Appellant Edward Saterstad filed a claim against Kevin Stover, Kelly Stover (collectively, "the Stovers"), Henry Klugh and Mark Amway in the Pennsylvania Court of Common Pleas for Dauphin County. Appellant's state court action alleged violations of the Federal Racketeering Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. §§ 1961–1968. Pursuant to 28 U.S.C. § 1441(b), Kevin and Kelly Stover removed the action to the United States District Court for the Middle District of Pennsylvania. On December 22, 2006, the District Court determined that the removal was procedurally defective and remanded the case to state court. Appellant then moved pursuant to 28 U.S.C. § 1447[1] to seek payment from Defendants for expenses incurred as a result of the removal to federal court. The District Court entered an order on April 9, 2007, 2007 WL 1074750, denying Appellant's request for expenses. Appellant filed a timely notice of appeal to that order on May 4, 2007.

---

1. 28 U.S.C. § 1447 governs procedure after removal and states in pertinent part:

  (c) ... An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....

We review the denial of fees and costs of expenses under section 1447(c) on an abuse of discretion standard. *See Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir.1996). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). We see no reason to disturb the District Court's determination that Appellant is not entitled to costs. Appellant in his state court complaint alleged a right arising under federal law. Significantly, the District Court did not dismiss for lack of subject matter jurisdiction but rather for a procedural defect.[2] The Defendants had an objectively reasonable basis pursuant to section 1441(b) for removing the case to federal court.

In sum, because Saterstad's appeal presents us with no substantial question, see I.O.P. 106, we will summarily affirm.

---

**2.** The District Court remanded the action because the Stovers failed to join Henry Klugh in the removal petition, thus violating the procedural rule that requires all defendants to join in a removal petition. *See* Memorandum and Order at 3–4, December 22, 2006 (hold- ing that it was insufficient to note only that Klugh assented). The court noted that while removal was appropriate the procedural violation did not deprive the court of jurisdiction. *Id.*