TASHIMA, Circuit Judge,
dissenting:
On this appeal from an order of the District Court awarding attorney’s fees and costs under 28 U.S.C. § 1447(c), as the majority notes, we review the award for abuse of discretion. Maj. op. at 66(quoting Roxbury Condo. Ass’n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 226 (3d Cir.2003)). Because I would affirm the District Court’s order under that standard of review, I respectfully dissent.
Defendant Ideal Settlement Services, LLC, is clearly and indisputably a citizen of Pennsylvania. See Maj. op. at 65. This fact would ordinarily disqualify this ease from being removed under 28 U.S.C. § 1441(b), which provides that a case may be removed only if none of the defendants “is a citizen of the State in which such action is brought.” JP Morgan sought to circumvent this limitation in two ways. First, it argued that Ideal was fraudulently joined as a defendant in order to preclude removal. Second, it argued that Ideal should be realigned as a plaintiff. The District Court rejected both arguments, remanded the case to state court, and awarded fees to First American under § 1447(c). JP Morgan continues to pursue the same arguments on appeal as reasons why the District Court abused its discretion in awarding attorney’s fees to First American.
Fraudulent Joinder[1]
The fraudulent joinder standard has been well-established for many years. See, e.g., Boyer v. Snap-On Tools Corp., 913 F.2d 108 (3d Cir.1990). There, this court held that “joinder is fraudulent ‘where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.’ ” Id. at 111 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)). Thus, “[i]f there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.” Id. (internal quotation marks omitted). The District Court, in concluding that Ideal was not fraudulently joined, noted that “[ujnder Pennsylvania law, plaintiff properly requested declaratory relief against JP Morgan and Ideal.” In *68 contesting this finding, JP Morgan ignores binding Third Circuit case law and cites only a state appellate ease from Texas in support of this argument. Such a slender reed cannot constitute an objectively reasonable basis for removal.

Realignment of Ideal

This circuit follows the “primary purpose” approach in determining how to align parties. See Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 864 (3d Cir.1991). The District Court rejected JP Morgan’s argument that Ideal should be realigned as a plaintiff because, under the primary purpose test, it is not proper to realign parties “when there is an actual controversy between Plaintiff and the named defendants over the issue of Plaintiffs rights and Defendants’ obligation under their agreements” (citing Employers Ins., 942 F.2d at 865). The District Court correctly found that “the primary issue is JP Morgan’s and Ideal’s obligations to Plaintiff under the Defendants’ respective agreements with Plaintiff.” Thus, under Employers Ins., it is clear that JP Morgan does not satisfy the primary purpose test for realignment. This, too, was clearly established Third Circuit law at the time JP Morgan moved to realign Ideal as a plaintiff.[2]

The Standard for Attorney’s Fees

The Supreme Court has held that fees under § 1447(c) may be awarded when the removing party lacks “an objectively reasonable basis for seeking removal.” Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This standard does not require “a showing that the unsuccessful party’s position was ‘frivolous, unreasonable, or without foundation.’ ” Id. at 139, 126 S.Ct. 704. Neither does it require a showing of bad faith. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir.1996). All that is required for the exercise of the District Court’s discretion in favor of the award of fees is that “the assertion in the removal petition that the district court had jurisdiction was ... at best insubstantial.” Id. at 1261. Neither of JP Morgan’s arguments in support of removal constitutes an objectively reasonable basis for removal under controlling Third Circuit law — both are “at best insubstantial.” That an argument could be made for the “extension of [Third Circuit] law,” Maj. op. at 66 n. 2, does not equate to an abuse of discretion by the District Court.[3]
As we said in Mints, in these circumstances, “we cannot possibly conclude that the district court abused its discretion in ordering [the removing defendant] to pay [the plaintiffs] attorney’s fees and costs with respect to the motion to remand and for reconsideration.” Id. (footnote omitted). Because, under our case law and standard of review, I see no basis for concluding that the District Court abused its discretion, I would affirm the award of attorney’s fees and costs under § 1447(c).

. The majority does not address the District Court's rejection of JP Morgan's fraudulent joinder defense. I take this as a concession that fraudulent joinder does not constitute an objectively reasonable basis for removal.

. Chi., Rock Island & P.R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954), cited by the majority, Maj. op. at 66, does not support JP Morgan's position. There, the Court held that in a condemnation proceeding the condemnee railroad was the plaintiff and, therefore, could not remove an action to federal court. Nothing in Stude supports the realignment of parties in order to facilitate removal.

. Nor is the test of whether the District Court abused its discretion in awarding fees under § 1447(c) whether we can subjectively conclude that "we cannot fault JP Morgan for its efforts to realign the defendants." Maj. op. at 67.