**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-4282; 15-3152
_____

SOUTH ANNVILLE TOWNSHIP, LEBANON COUNTY AUTHORITY

v.

JAROMIR KOVARIK; DARIA KOVARIKOVA,

Appellants

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-13-cv-01780)
District Judge: Hon. Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 24, 2016
_____

Before: GREENAWAY, JR., VANASKIE, and SHWARTZ, *Circuit Judges*.

(Opinion Filed: June 3, 2016)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Jaromir Kovarik and Daria Kovarikova (the "Kovariks") appeal both the District Court's grant of attorneys' fees and costs in favor of Appellee South Annville Township, Lebanon County Authority (the "Authority"), as well as the District Court's denial of relief sought by the Kovariks pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Because we find that the District Court both appropriately exercised its discretion in awarding attorneys' fees and costs in favor of the Authority based upon the Kovariks' baseless removal of the underlying municipal lien action to federal court and acted well within its ample discretion in denying the Kovariks' Rule 60(b) motion, we will affirm.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those matters essential to our analysis.

The Authority filed a municipal lien against the Kovariks in the Lebanon County Court of Common Pleas asserting that they failed to pay sewer tapping and rental fees amounting to $8,014.90. The Kovariks removed the case to the United States District Court for the Middle District of Pennsylvania, claiming that the Authority filed the lien action in retaliation for their exercise of First Amendment rights.[1] The Authority filed a

---

[1] At the time the Kovariks removed the case to federal court, this was the only asserted basis for federal jurisdiction. They no longer contend that any First Amendment claim provides a basis for federal jurisdiction.

motion to remand the case to state court on the ground that defenses and counterclaims based on federal law are insufficient to confer federal subject matter jurisdiction.

The Kovariks filed a motion for an extension of time to respond to the Authority's motion to remand, which the District Court granted. The Kovariks then filed another motion for extension, asking for an additional sixty days to respond and stating that they needed to obtain documents from the Pennsylvania Infrastructure Investment Authority ("Pennvest") pursuant to Pennsylvania's Right to Know Law, 65 Pa. Stat. Ann. §§ 67.101–67.3104, to support their contention that there was federal subject matter jurisdiction. Upon receiving the documents, however, the Kovariks were unable to provide any evidence of the existence of a federal question. Instead, they filed an affidavit stating that the documents Pennvest had provided included over 600 pages of irrelevant information and claimed that Pennvest was unwilling or unable to provide the information they needed. The Kovariks requested that the owners or creators of the documents be deposed so that they could obtain the information they needed.

The District Court declined to extend discovery and denied the Kovariks' third motion to extend the time to respond to the Authority's motion to remand. The District Court further required the Kovariks to file a reply to the motion to remand within fourteen days. Instead of filing a reply to the motion to remand, the Kovariks stipulated to a remand to state court, asking for leave to remove the case to federal court if they discovered evidence of federal subject matter jurisdiction.

Before the District Court could act on the stipulation, the Kovariks filed a motion to withdraw their stipulation or, in the alternative, for the District Court to reconsider jurisdictional discovery. The District Court denied the motion, granted the Authority's motion for remand, and requested supplemental briefing on whether the Kovariks should be required to pay the Authority's attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) for removing the case to federal court without an objectively reasonable basis for doing so.

The District Court ultimately granted attorneys' fees and costs in favor of the Authority, finding that the underlying action, a municipal lien, failed to raise a federal question and that the Kovariks' "asserted grounds for removal were insubstantial." J.A. 8 (citation and internal quotations marks omitted).[2] The District Court rejected the Kovariks' argument that *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), authorized removal, observing that *Grable* involved a substantial question of federal law in the complaint and the municipal lien action here contains no issue of federal law. *See* J.A. 7. The Kovariks insisted that there was a federal question because the Authority's purported purpose in pursuing the lien was to repay a loan to the United States Treasury under the American Recovery and Reinvestment Act of 2009 ("ARRA"), Pub. L. No. 111-5. The District Court rejected this argument and found that the Kovariks' "attempt to invoke the ARRA and raise

---

[2] "J.A." shall refer to the appendix in case 14-4282.

4

questions pertaining to its limiting provisions and interpretations does not connect to [the Authority's] original lien." J.A. 7 (citations omitted).

Ultimately, the District Court awarded the Authority $17,310.66 in fees and costs. Specifically, the District Court found that: (1) the attorneys' rates were reasonable for the market and, regardless, the Kovariks failed to challenge them; and (2) the hours incurred by the attorneys were reasonable in light of the Kovariks' requests and motions. The District Court also rejected the Kovariks' motion for sanctions under Federal Rule of Civil Procedure 37, finding that the Authority had adequately complied with its orders for disclosure. The Kovariks appealed the fee award to this Court.

While this appeal was pending, the Authority withdrew the underlying municipal lien. In response, the Kovariks moved pursuant to Federal Rule of Civil Procedure 60(b) to set aside the judgment awarding fees, requesting the District Court to take judicial notice of a state court docket revision relating to a judgment that had previously been entered against the Kovariks. Both parties also filed motions for sanctions against each other.

The District Court denied all motions and dismissed as moot the request to take judicial notice of the state court docket revision. The Kovariks appeal the denial of their Rule 60(b) motion as well as the District Court's decision not to take judicial notice of the docket revision.

II.

The Kovariks make three main arguments in support of their direct appeal of the fee award: (1) there was an objectively reasonable basis for removing the case to federal court and/or for seeking jurisdictional discovery; (2) the District Court abused its discretion in failing to reduce the amount of fees awarded given the circumstances of the case; and (3) the District Court abused its discretion in calculating the amount of fees awarded. In their appeal from the denial of post-judgment relief, the Kovariks make two arguments: (1) the District Court erred in denying their motion to vacate under Rule 60(b); and (2) the District Court erred by failing to take judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201 before denying their motion to vacate. We will address each appeal in turn. [3]

## A.

In general, a court may award fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). We review a district court's award of fees under § 1447(c) for abuse of discretion. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). A district court does not abuse its discretion in awarding attorneys' fees and costs when the basis for removal was "frivolous" or "insubstantial." *Id.* at 1261.

## 1.

---

[3] We have appellate jurisdiction under 28 U.S.C. § 1291 to review final orders of the District Court.

When the Kovariks initially removed the case to federal court, their basis for removal was that the lien was the Authority's attempt to retaliate against them for exercising their First Amendment rights. The Kovariks later changed the jurisdictional foundation for removal, alleging that the Authority was pursuing the lien to repay a federal government loan received and governed by ARRA. The Kovariks argue that because Congress may impose conditions on ARRA fund recipients, this case presents a substantial federal question, analogizing it to *Grable*.

Like the District Court, we find that the Kovariks' reliance on *Grable* is misplaced. In *Grable*, the Court found jurisdiction because the question of whether the Internal Revenue Service, a federal agency, properly seized property under federal law necessarily had to be decided to resolve the case. *See Grable*, 545 U.S. at 314–15. Here, the Kovariks' alleged federal question does not need to be decided to determine if the Authority's lien was proper. Even if the Authority had used ARRA funds to construct the sewer project, the Kovariks are unable to point to any relevant conditions that Congress placed on using such funds or any impact this may have on the propriety of the Authority's lien.

Ultimately, the Authority's municipal lien against the Kovariks is nothing more than a state law claim brought by a municipality. The Kovariks' attempts to transform the Authority's lien into a federal claim are insubstantial and provide no "objectively reasonable basis" for removal. For these reasons, we find that the District Court did not abuse its discretion in awarding attorneys' fees and costs in favor of the Authority.

7

2.

We address together the Kovariks' second and third arguments relating to their direct appeal of the fee award. The Kovariks argue that the amount awarded here was unreasonable and that it is unfair for them to pay over $17,000 in attorneys' fees in regard to the removal issue when the entire amount in controversy for the case was barely $8,000. The Kovariks also argue that the District Court incorrectly calculated the award of attorneys' fees. According to the Kovariks, the fees awarded included compensation for "persistently grossly inflated hours" and for meetings and communications that should not have been included. Appellant Br. at 26. The District Court found, however, that the supporting information was satisfactory and engaged in a detailed explanation of why it found the fees to be appropriate. The District Court did not abuse its considerable discretion in determining the amount of fees and costs to award.

B.

We review a District Court's denial of post-judgment relief under Rule 60(b) for abuse of discretion. *See Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't. of Elections*, 174 F.3d 305, 311 (3d Cir. 1990) (en banc). We may find that there has been an abuse of discretion when "the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Id.* (quoting *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987)). Because our standard of review with respect to Rule 60(b) is quite deferential, "we will not interfere with the [D]istrict [C]ourt's exercise of discretion unless there is a definite

8

and firm conviction that the court . . . committed a clear error of judgment." *In re Cendant Corp.*, 235 F.3d 176, 181 (3d Cir. 2000) (citation and internal quotation marks omitted).

The Kovariks argue that the District Court erred by not considering the fact that the Authority withdrew its underlying municipal lien claim after the case was remanded to state court. This argument is meritless, however, because what happens on the merits of the case in state court does not impact the propriety of the fee award for the improper removal and associated proceedings. The Kovariks argue that the Authority could have withdrawn its claim while it was in federal court, thereby avoiding the federal jurisdiction litigation altogether. The Kovariks, however, assume that the Authority was planning to withdraw its claim the whole time, but did not present any evidence to support such a contention. Their argument also does not take into account the fact that the federal jurisdiction litigation was in response to their own improper removal and that they also could have avoided the jurisdiction litigation by not undertaking an improper removal.

We agree with the District Court's reasonable explanations for rejecting each of the Kovariks' theories of relief under Rule 60(b). To the extent that the Kovariks challenge the Authority's standing to obtain an award of attorneys' fees and costs, that argument is inappropriate for a Rule 60(b) motion and should have been brought on direct appeal. The Kovariks provide no reason for us to find that the District Court abused its discretion in rejecting their request for relief under Rule 60(b).

9

We review a District Court's decision to take judicial notice of facts for abuse of discretion. *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1323 (3d Cir. 2002). The Kovariks argue that the District Court abused its discretion in failing to take judicial notice pursuant to Federal Rule of Evidence 201(c)(2) of a docket entry revision in the state court case relating to a judgment that had previously been entered against them. We disagree because, as the District Court explained, the subsequent state proceedings were immaterial to the question of whether the award of attorneys' fees was appropriate for litigating the subject matter jurisdiction question. The District Court correctly found that a docket revision relating to the merits of the underlying suit did not need to be considered to decide the Kovariks' Rule 60(b) motion.

IV.

For the reasons set forth herein, we hold that the District Court did not abuse its discretion in either awarding attorneys' fees and costs in favor of the Authority or determining the amount of fees to award, denying the Kovariks' request for Rule 60(b) relief, and declining to take judicial notice of the state court docket revision. Accordingly, we will affirm the District Court's orders entered September 25, 2014 and August 4, 2015.