**PORTSIDE INVESTORS, L.P., et al., Plaintiffs,**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.**

**Civil Action No. 03–0059.**

United States District Court, E.D. Pennsylvania.

April 3, 2003.

John Jenkins, Philadelphia, PA, for Plaintiffs.

Josette Ferrazza Spivak, Marks, O'Neill, O'Brien & Courtney, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM

RUFE, District Judge.

This action comes before the Court on Plaintiffs' Motion to Remand. Defendant does not contest the motion insofar as it seeks a remand to state court. However, Defendant contends that it should be not be assessed attorneys' fees and costs associated with removal and remand. The Court disagrees for the reasons set out below.

## I. BACKGROUND

Plaintiffs initiated this action by complaint on December 6, 2002 in the Court of Common Pleas of Philadelphia County. *See* Ex. A to Defendant's Notice of Removal. As set forth in the complaint, Plaintiffs are Portside Investors, L.P. ("Portside"); Asbell Associates, L.P. ("Asbell"); and M.J. Asbell, Inc. ("MJA"). All three Plaintiffs are Delaware business entities with a principle place of business in Merion, Pennsylvania. MJA is the sole general partner of Asbell, and Asbell is the sole general partner of Portside. The complaint also states that some of Asbell's limited partner investors are residents of Pennsylvania, New York, and Maryland.

Defendant is Northern Insurance Company of New York ("Northern"), a New York corporation with its principal place of business in Maryland. Plaintiffs' complaint alleges breach of contract of insurance and bad faith conduct against Northern.

After Plaintiffs filed their complaint, counsel for Defendant, Mark S. Katz, Esq., sent a letter to Plaintiffs' counsel, John L. Jenkins, Esq., on December 20, 2002. In that letter Mr. Katz stated that Northern was contemplating removal to federal court on the basis of diversity of citizenship, and requested proof to support the allegations that some of Asbell's limited partners reside in Maryland and New

York, thus defeating complete diversity. *See* Ex. B to Defendant's Memorandum in Partial Opposition to Plaintiffs' Motion ("Def.Mem."). Mr. Jenkins responded in a December 27, 2002 letter, provided the name and address for three limited partners of Asbell, and argued that this information, coupled with the allegations in the complaint, defeat any basis for diversity jurisdiction, and thus precluded removal. *See* Ex. C to Def. Mem.

Mr. Katz determined that "a letter from counsel identifying two individuals is not sufficient proof in evidentiary form to support Plaintiffs' jurisdictional allegations," and timely filed a Notice of Removal to this Court on January 6, 2003. Affidavit of Mark S. Katz, Esq. at ¶ 13. That same day, Mr. Katz sent a letter to Mr. Jenkins explaining that the information provided was insufficient absent documentation in support, notifying him of the Notice of Removal, and offering to withdraw the Notice of Removal if Mr. Jenkins "can provide some form of proof establishing that [Asbell] has partners who are citizens of New York and Maryland." Ex. D to Def. Mem.

On February 5, 2003, Plaintiffs filed the instant Motion to Remand, and attached accompanying affidavits from limited partners of Asbell. In the affidavits, the limited partners presented the same information set out in Mr. Jenkin's letter of December 27, 2002. Plaintiffs' Motion seeks remand on the ground that this Court lacks jurisdiction because diversity is absent, and seeks reimbursement from Northern for attorneys' fees and costs incurred with removal.

In its response to Plaintiffs' Motion, Defendant concedes that remand to state court is appropriate. Accordingly, the case will be remanded to state court. However, Defendant opposes Plaintiffs' demand for attorneys' fees and costs, which the Court addresses below.

## II. *DISCUSSION*

When remanding a case to state court, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court "has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir.1996). No showing of bad faith is required. *Id.* There are no definitive criteria against which applications for fees and costs are judged, but reimbursement is appropriate where the defendant had no "colorable basis" for the removal, or where removal is "if not frivolous, at best insubstantial." *Id.* at 1261.

Defendant acknowledges that the information set forth on the face of the complaint would not lay jurisdiction in this Court because complete diversity would not exist when some of Asbell's partners, like Northern, are residents of New York and Maryland. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (holding citizenship of a partnership is the citizenship of its constituent partners). However, after Plaintiffs filed their complaint, Defendant demanded that Plaintiffs' counsel "furnish sufficient information and/or documentation to support the jurisdictional allegations." Ex. B to Defendant's Mem. at 1. Apparently dissatisfied with the form and substance of Plaintiffs' response only seven days later, and without seeking further clarification or requesting specific documentation from Plaintiffs, Defendant filed its Notice of Removal. Under these circumstances the Court is of the opinion that Defendant was without any justification for filing the Notice of Removal, and that it should therefore be held accountable for Plaintiffs' costs and fees.

■ The Court notes from the outset that a defendant who removes a case from state court bears the burden of proving that jurisdiction exists. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). The correspondence and affidavits submitted in this case demonstrate that Mr. Katz attempted to invert this burden and thrust it upon Mr. Jenkins by demanding that *Plaintiffs* demonstrate that complete diversity in fact *did not* exist. Despite the fact that Mr. Jenkins complied completely with Mr. Katz's December 20, 2002 request for "information" by identifying Asbell partners residing in New York and Maryland, Mr. Katz deemed Mr. Jenkins' response to be insufficient. Rather than asking for additional documentation, or making any further requests whatsoever of Mr. Jenkins, Mr. Katz rejected Mr. Jenkins representations out of hand and filed a Notice of Removal.[1]

Northern argues that in these circumstances it was forced to file the Notice of Removal on January 6, 2003 in order to preserve its right to litigate in federal court. This argument has absolutely no merit. Even a cursory review of the statutes governing removal would reveal that Northern could have removed this case up until one year after the filing of the complaint, *i.e.*, up until December 6, 2003. *See* 28 U.S.C. § 1446(b). As set forth in the governing statute:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a

case may not be removed on the basis of [diversity] more than 1 year after commencement of the action.

*Id.* (emphasis added). On the face of the complaint, there is no complete diversity. Accordingly, Defendant could have and should have availed itself of the opportunity to conduct limited discovery to determine whether there were any grounds for removal. If any of the Plaintiffs' responses revealed that no constituent of Plaintiffs' partnerships was a citizen of New York or Maryland, Defendant would have had the right, within thirty days of receiving such a response, to remove. *See id.; cf. Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F.Supp.2d 428, 432–33 (E.D.Pa.2002) (Pollak, J.) (holding definition of "other paper" under the second paragraph of 28 U.S.C. § 1446(b) embraces answers to interrogatories, and may trigger the thirty-day removal period); 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3732 at 310 (3d ed.1998) (noting that "the requisite notice may be communicated in either a formal or informal manner").

Accordingly, Defendant's Notice of Removal was filed without adequate basis and was a frivolous and wasteful tax on Plaintiffs' and this Court's resources. Rather than making specific requests of Plaintiffs' counsel, or utilizing the discovery process to ascertain the viability of removal, Defense counsel sought to force the issue by invoking federal jurisdiction. This is inappropriate and evidences no "colorable basis" for undertaking removal. *Mints*, 99 F.3d at 1261. Accordingly, the Court will assess reasonable fees and costs to Defendant upon examining Plaintiffs' bill of fees and costs.

An appropriate Order follows.

---

1. The Court notes that Plaintiffs' complaint specifically states that some of Asbell's partners reside in New York and Maryland, and that Plaintiffs' complaint is verified by a sworn statement. *See* Complaint ¶ 2 & attached verification.

## ORDER

**AND NOW,** this 3rd day of April, 2003, upon consideration of Plaintiffs' Motion to Remand Case to State Court [Doc. # 2], Defendant's Memorandum of Law in Partial Opposition thereto [Doc. # 4], the Affidavit of Mark S. Katz, Esq. [Doc. # 5], and for the reasons set forth in the attached Memorandum, it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED.** It is further **ORDERED:**

1. This case is hereby **REMANDED** to the Court of Common Pleas of Philadelphia County, Pennsylvania pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is hereby directed to forward a certified copy of this Order to the Prothonotary of Philadelphia, including specific reference to the court term and number of the state court action;

2. Plaintiffs' request for attorneys' fees and costs is **GRANTED.** Defendant, Northern Insurance Company of New York, shall reimburse Plaintiffs for actual costs and expenses, including reasonable attorneys' fees, incurred as a result of the removal of this case to this Court;

3. The Court will retain jurisdiction of this case for purposes of entertaining a post-remand application for fees and costs. Within fourteen (14) days of the date of this Order, Plaintiffs shall file with this Court an affidavit of costs and expenses, together with supporting bills and other documentation; Defendant is hereby granted leave to file within five (5) days thereafter a response addressing the accuracy or reasonableness of the costs and expenses identified therein.

It is so **ORDERED.**