United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————————————

No. 05-11498

—————————————

BLASTMYRESUME.COM LP,

Plaintiff,

JOHN NICKELSON,

Appellant,

versus

HOBOKEN WEB SERVICES LLC, doing business as Datapipe.com,

Defendant.

—————————————————————

Appeal from the United States District Court
for the Northern District of Texas
(No. 4:05-CV-504)

—————————————————————

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant, an associate at a Dallas law firm, was sanctioned after the following events

transpired. Appellant and his co-counsel, a partner at the Dallas firm, filed suit in state court on behalf

of Blastmyresume.com against Hoboken Web Services LLC ("Hoboken"). Prior to requesting

discovery and before it had obtained adequate information to determine diversity jurisdiction,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Hoboken removed to federal court. The district court entered an order finding that Hoboken had failed to disclose the identity and citizenship of Blastmyresume.com's general and limited partners and directing Hoboken to supplement its notice of removal.

After Hoboken informally requested the citizenship information from Appellant, who did not disclose it, Hoboken moved for leave to serve expedited discovery, despite the fact that no Rule 26 conference had occurred. In response, the district court ordered Appellant and his co-counsel to show cause why disciplinary action should not be imposed. At a subsequent hearing, the district court ordered Appellant and his co-counsel to produce the citizenship information; they immediately did so. As to the sanctions, Appellant stated that his actions were based on his good-faith argument that Hoboken had no right to obtain the citizenship information after removal.

This court reviews sanctions imposed by a district court for abuse of discretion and reviews underlying conclusions of law de novo. *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (reviewing sanction imposed pursuant to the court's inherent powers). The sanctions imposed were based upon the district court's view that Appellant had not cooperated with or been courteous to opposing counsel who requested the citizenship information. *See Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) (adopting standards for attorney conduct including courtesy and cooperation). In keeping with the spirit and purpose of *Dondi*, perhaps Appellant was required to provide the information when first requested. Nonetheless, under the unique circumstances presented here and even if in error, Appellant's actions were defensible and the sanctions were unwarranted. Less than a year before removal, the district court judge who imposed the sanction had remanded a claim to state court because the removing party's notice of removal did not "set forth with specificity the citizenship of each of the parties." *Fields v.*

2

*Black & Decker (U.S.), Inc.*, No. 4:04-CV-941, 2005 WL 477988, at *1 (N.D. Tex. Feb. 28, 2005).

Appellant's actions were based on his good-faith legal argument that parties that remove a state court action to federal court may remove only when they become aware of the facts that support jurisdiction. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *see also Posen v. Malkerson Gilliland Martin, LLP*, No. 05-CV-1819, 2006 WL 27214, at *1 (D. Colo. Jan. 5, 2006) (stating that it is "improper for a party to first remove and only then seek to develop facts showing that federal subject matter jurisdiction exists"); *Portside Investors, L.P. v. N. Ins. Co. of New York*, 253 F. Supp. 2d 835, 838 (E.D. Pa. 2003) (stating that the defendant "could have and should have availed itself of the opportunity to conduct limited discovery").[1] We VACATE the district court's order insofar as it imposed sanctions on Appellant.

---

[1] It should also be noted that Hoboken was the subject of the district court's order to produce the information that would establish diversity jurisdiction. Hoboken's counsel, who was not sanctioned, improperly removed without the citizenship information.