**TOLEDO POLICE PATROLMEN'S ASS'N, Plaintiffs,**

v.

**CITY OF TOLEDO, et al., Defendants.**

No. 3:01CV7312.

United States District Court, N.D. Ohio, Western Division.

Sept. 6, 2001.

---

Christine A. Reardon, Donato S. Iorio, Kalniz, Iorio & Feldstein, Toledo, OH, for Plaintiff.

Barbara E. Herring, James G. Burkhardt, Samuel J. Nugent, Susan E. Frederick, Toledo, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a matter that has been removed from the Lucas County, Ohio, Court of Common Pleas following dismissal in this Court of an earlier action (the "first case") that likewise had been removed.

The first case began in state court as an action to enforce an arbitration provision in a collective bargaining agreement between the plaintiff police officer's union and the City of Toledo. One paragraph of the complaint in that case generically referenced "due process." All other allegations were connected to state law grounds.

On the basis of that reference, the City contended that a federal claim was being asserted and removed the first case here. Following a session with the Hon. John W. Potter, the plaintiff agreed to withdraw any putative federal claim (while, according to my understanding, asserting that no such claim was being asserted). Thereon, the first case was dismissed in this court and remanded to the Lucas County Court of Common Pleas.

After the state court proceedings in the first case were completed, the plaintiff filed a motion with the state court under Ohio law for assessment of attorney's fees for the costs incurred in this court in the first case. Thereon, the defendants filed a notice of removal, resulting in the instant proceeding.

The motion for attorney's fees filed in the state court has, following its removal here, been lodged in this court as a separate motion, to which the defendants have filed an opposition. In response, the plaintiff asks that this matter be remanded to the state court.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Several courts have concluded that a federal court retains jurisdiction over the issue of fees even after entry of a remand order. *See, e.g., Mints v. Educational Testing Serv.,* 99 F.3d 1253, 1257 (3d Cir.1996); *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 445 (9th Cir.1992); *M.D.C. Wallcoverings v. State Bank of Woodstock,* 771 F.Supp. 242, 244 (N.D.Ill.1991). I conclude, accordingly, that I have jurisdiction over a petition for fees following a remand order. *But see United Broadcasting Corp. v. Miami Tele–Communications, Inc.,* 140 F.R.D. 12, 13 (S.D.Fla.1991) (fees, if awarded, cannot be awarded after entry of remand order).

Does the state court also have jurisdiction over a post-remand fee petition? I do not believe so in light of *Harrison v. St. Louis & San Francisco R.R. Co.,* 232 U.S. 318, 329, 34 S.Ct. 333, 58 L.Ed. 621 (1914).

To determine whether to award fees necessarily requires a determination about the propriety of removal ab initio. As the Supreme Court stated in *Harrison:*

> when an issue of whether a prayer for removal was rightfully asked arises, a federal question results which is determinable by the federal courts of the United States free from limitation or interference arising from an exertion of state power.

*Id.*

 In light of the unequivocal and unlimited federal authority to decide all issues relating to the propriety of a removal order, I conclude that a federal court, and only a federal court, has authority over fee petitions relating to remand orders.

Under Fed.R.Civ.P. 54(b)(2)(B), "[u]nless otherwise provided by statute or order of the court, [a] motion [for attorney's fees] must be filed and served no later than 14 days after entry of judgment; . . . ."

Rigorous application of the time limit imposed by Rule 54(b)(2)(B) is particularly appropriate in this instance. After remand, the parties' dispute goes forward in the state court. Allowing a state court litigant to return to federal court whenever he may feel like doing so for the sole purpose of raising a fee claim multiplies litigation and serves, at best, as a distraction with regard to the state court proceedings, which otherwise normally will be devoted to more substantive and important issues. The plaintiff's motion was filed outside the time limit, and is, therefore, untimely. *But see M.D.C. Wallcoverings, supra* (fees awarded where petition filed one month after entry of remand order; applicability of Rule 54(b)(2)(B) not discussed).

In any event, I decline to award fees. The defendants had a colorable basis for perceiving a federal claim in plaintiff's complaint—though I grant that the coloration is rather faint. It was, however, the plaintiff which put the words "due process" there, and which left them ambiguous, thereby leaving the complaint exposed to defendants' removal motion.

Under these circumstances, I think it best to leave the parties where they were when they were sent back to state court in the first case. To the extent that the plaintiff, as it states, wishes to deter similar removal motions in the future, it can avoid that risk by making avoiding ambiguity about the basis for its claims.

It is, therefore,

ORDERED THAT the plaintiff's petition for attorney's fees be, and the same hereby is denied.

So ordered.