

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2003

# Roxybury Condominium v. Anthony S Cupo Agcy

Precedential or Non-Precedential: Precedential

Docket 01-4274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Roxybury Condominium v. Anthony S Cupo Agcy" (2003). *2003 Decisions.* Paper 826.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/826

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed January 8, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4274

ROXBURY CONDOMINIUM ASSOCIATION, INC.

v.

ANTHONY S. CUPO AGENCY; STEPHEN SUBICK,

        Third-party Plaintiffs/Defendants

v.

SELECTIVE INSURANCE COMPANY

        Third-party Defendant

        Selective Insurance Company,

        Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 01-cv-02294)
District Judge: Honorable Dennis M. Cavanaugh

Argued September 24, 2002

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed January 8, 2003)

        Charles W. Craven, Esquire
        Marshall, Dennehey, Warner,
        Coleman & Goggin
        1845 Walnut Street
        Philadelphia, PA 19103

        Gerald J. Nielsen, Esquire (Argued)
        Nielsen Law Firm, LLC
        2121 Airline Drive, Suite 200
        Metairie, Louisiana, 70001

         Attorneys for Appellant

        Michael S. Karpoff, Esquire (Argued)
        Hill Wallack
        202 Carnegie Center
        Princeton, NJ 08543-5226

         Attorney for Appellee

OPINION OF THE COURT

AMBRO, Circuit Judge:

Appellant Selective Insurance Company ("Selective") appeals an order requiring it to reimburse $13,135.50 in attorneys' fees of Appellee Roxbury Condominium Association, Inc. ("Roxbury"). Under the circumstances of this case, that award was an abuse of discretion.

I. Background

In 1997, Roxbury approached the Anthony S. Cupo Agency ("Agency") to obtain condominium flood insurance. The Agency, acting through its agent, Stephen Subick ("Subick"), procured insurance on Roxbury's behalf from Selective, which participates in the National Flood Insurance Program. While the Agency submitted information to Selective indicating that the value of the condominium was $12,731,000, the Agency obtained coverage of only $1 million. This oversight proved a problem in September 1999, when the condominium suffered flood damage. The policy that Selective issued contained a co-insurance clause that reduced the benefits paid to an insured if the policy's coverage amount was less than 80% of the insured building's replacement cost. Because of this co-insurance clause, Selective paid Roxbury only $36,197.89 for damage that exceeded $400,000.

2

Roxbury filed suit in the Superior Court of New Jersey against the Agency and Subick for malpractice. The Agency and Subick subsequently filed a third-party complaint against Selective for indemnification and contribution, claiming that Selective was negligent and/or breached its agreement with the Agency by issuing a $1 million policy despite being informed of the condominium's higher value. On May 14, 2001, Selective removed the case under 28 U.S.C. S 1441 to the United States District Court for the District of New Jersey on the basis that Selective was acting as an agent for the Federal Emergency Management Agency ("FEMA") and thus any claim against Selective necessarily arose under the National Flood Insurance Act of 1968, 42 U.S.C. SS 4001 et seq., and implementing regulations. On July 11, 2001, Roxbury moved to remand the case to state court, alleging the absence of federal subject matter jurisdiction. Roxbury also requested that the District Court award it attorneys' fees pursuant to 28 U.S.C. S 1447(c). The District Court granted the motion to remand and awarded Roxbury attorneys' fees because "Selective should have been aware that its basis for removal as a third party defendant was questionable, especially since the claim for indemnification was not separate and independent from Plaintiff 's negligence claim."

II. Discussion

A. Jurisdiction and Standard of Review

Our Court has jurisdiction under 28 U.S.C. S 1291 to entertain Selective's appeal. We review an award of attorneys' fees under section 1447(c) for abuse of discretion. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). A district court abuses its discretion by basing its decision on "a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." LaSalle Nat'l Bank v. First Conn. Holding Group, L.L.C., 287 F.3d 279, 288 (3d Cir. 2002).

B. Merits

A court may award attorneys' fees under 28 U.S.C. S 1447(c) as part of a remand order. 28 U.S.C.S 1447(c) ("An order remanding the case may require payment of just

3

costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Remand is warranted at any time before final judgment if the district court lacks subject matter jurisdiction. Id. However,"[a] motion to remand the case on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Id.

While 28 U.S.C. S 1447(d) precludes us from reviewing the District Court's remand order for purposes of reversing it,1 "some evaluation of the merits of the remand order is necessary to review an award of attorney's fees." Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992). Because the District Court awarded attorneys' fees based on two perceived defects -- (1) that the third-party claim was not separate and independent within the meaning of S 1441(c) (the general removal provision used by Selective in removing this case to federal court) 2 and (2) that a third-party defendant cannot remove a case under S 1441(c) -- we evaluate those bases for remand in deciding whether the attorneys' fee award was proper.

Section 1441 is a procedural rather than a jurisdictional statute. See Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) ("[T]he Supreme Court clearly suggested, even if it did not directly hold, that it does not view the removal statute as imposing independent jurisdictional restrictions on the federal

_____

1. 28 U.S.C. S 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." Section 1443, which concerns civil rights cases, does not apply here.

2. Section 1441(c) reads as follows:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

4

courts."); see also Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 19 (1951) ("Mere irregularity in the removal may be waived where the suit might originally have been brought in the Federal District Court.") (Douglas, J., dissenting) (citing Baggs v. Martin, 179 U.S. 206 (1900)). Removal jurisdiction under section 1441 is therefore wholly derived from original federal jurisdiction. Korea Exch. Bank, 66 F.3d at 50 ("[I]n considering whether jurisdictional defects existed, the relevant inquiry is whether the case could have been filed originally in federal court."). This interpretation is further supported by the fact that S 1441 lies outside the portion of Title 28 entitled "District Courts; Jurisdiction," which comprises sections 1330 to 1368. Thus, when the District Court remanded the case back to state court for Selective's failure to satisfy S 1441(c)'s "separate and independent claim" requirement and because of its doubts whether a third-party defendant may remove an action under S 1441(c), the remand was for non-jurisdictional reasons.

The District Court certainly had the power to remand the case if the Agency's third-party claim did not arise under federal law. However, it did not have the power to remand for a procedural defect once the 30-day statutory period lapsed. In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000) (stating that the district court "had no statutory authority to issue the remand order after the 30-day period because the defect was in the removal procedure rather than a lack of subject matter jurisdiction, which could be raised at any time."). Without this power, it follows that the District Court abused its discretion by imposing attorneys' fees under S 1447(c).

Timeliness issues aside, we are nonetheless concerned that the District Court chose to impose attorneys' fees based on Selective's colorable removal claim in an area of unsettled law. The Third Circuit has not yet decided whether an indemnification claim is separate and independent or whether a third-party defendant may properly remove under S 1441(c). Other courts disagree on these questions. Compare Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F. Supp. 2d 385, 394 (D.N.J. 1999) ("[A]ny third-party claim for indemnification is not a claim 'separate and independent' from the main action, and

5

therefore is not removable by the third-party defendant under S 1441."), with Jones v. Petty-Ray Geophysical

Geosource, Inc., 954 F.2d 1061, 1066 (5th Cir. 1991) (indemnification claims based on a separate contract are separate and independent); Thomas v. Shelton, 740 F.2d 478, 487-88 (7th Cir. 1984) (third-party defendants may not remove), with Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135-36 (5th Cir. 1980) (authorizing third-party removal if the claim is separate and independent from the plaintiff 's original claim). Under these less than bright-line circumstances, we believe that, even if Roxbury had timely moved to remand the case, the District Court would have abused its discretion by awarding attorneys' fees. Accordingly, we reverse that award for this reason as well.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit