

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2005

# Hammer v. Scott

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2243

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hammer v. Scott" (2005). *2005 Decisions.* Paper 997.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/997

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2243

———

MICHAEL HAMMER; MICHELLE HAMMER, HUSBAND AND WIFE;
DAVID G. NOVATNAK; PATRICIA NOVATNAK, HUSBAND AND WIFE;
GEORGE URITIS; JOANNE URITIS, HUSBAND AND WIFE;
WENDY YUENGLING,

v.

CHARLES C. SCOTT, BOTH INDIVIDUALLY AND IN HIS CAPACITY AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNA R. SCOTT;
BOROUGH OF CRESSONA, SCHUYLKILL COUNTY, PENNSYLVANIA, AND ITS
BOROUGH COUNCIL;
TOWNSHIP OF NORTH MANHEIM, SCHUYLKILL COUNTY, PENNSYLVANIA,
AND ITS BOARD OF SUPERVISORS,

CHARLES C. SCOTT,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cv-01964)
District Judge: Honorable James F. McClure, Jr.

———

Submitted Under Third Circuit L.A.R. 34.1(a)
June 2, 2005

Before: FUENTES, GREENBERG, and COWEN, Circuit Judges.

(Filed: June 17, 2005 )

OPINION OF THE COURT
———

FUENTES, Circuit Judge.

Appellant Charles C. Scott appeals an order of the District Court directing him to pay $2,000 as his share of the reimbursement to the Plaintiffs-Appellees for their costs and expenses, pursuant to 28 U.S.C. § 1447(c), incurred in the defective removal of this case. Scott alleges that the District Court erred in assessing fees on him where there was no evidence that he acted in bad faith, frivolously or without reasonable basis in the removal of the case. In addition, Scott contends that he should not be held individually responsible for the fees, as he was a party to the removal only in his capacity as personal representative of the Estate of Anna R. Scott. For the following reasons, we will affirm the order of the District Court.

## I. Facts

Because we write only for the parties, we recite only the essential facts. Plaintiffs, who are landowners in a subdivision, commenced this action on August 23, 2001 by filing a nine-count complaint against multiple defendants in the Court of Common Pleas of Schuylkill County, Pennsylvania. The matter arises out of a dispute regarding the condition of a street serving the subdivision where Plaintiffs reside.

On October 12, 2001, one of the Defendants – Borough of Cressona, Schuylkill County, Pennsylvania – filed a notice of removal to the District Court for the Middle District

of Pennsylvania premised on federal question jurisdiction, 28 U.S.C. § 1331. Plaintiffs had asserted, among others, claims under 42 U.S.C. § 1983. Thereafter, Plaintiffs filed a motion to remand the matter to state court or, in the alternative, to remand certain claims and stay federal claims pending the completion of the state court proceedings. After a magistrate judge issued his report recommending remand, the District Court entered an order of remand on September 26, 2002 on the grounds that removal had been procedurally defective as the court had not received consents for removal from all of the Defendants.

In addition, although it found that there was no evidence of bad faith and that the Defendants' decision to remove was reasonable, the District Court nonetheless found that Plaintiffs were entitled pursuant to 28 U.S.C. § 1447(c) to costs and expenses, including attorney fees, incurred as a result of the defective removal.[1] After the parties filed affidavits, the District Court assessed $6,000 in fees, of which $2,000 was charged to Scott in his individual capacity as well as in his capacity as personal representative of the Estate of Anna R. Scott.[2] Scott now appeals the fee award.

## II. Discussion

---

[1] 28 U.S.C. § 1447(c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

[2] Ordinarily, an order remanding a matter to state court will divest a district court of jurisdiction to entertain further issues related to the proceeding. However, as we explained in Mints v. Educ. Testing Serv., 99 F.3d 1253, 1257-58 (3d Cir. 1996), the district court may retain jurisdiction to award costs and expenses pursuant to 28 U.S.C. § 1447(c) even after the matter has been properly remanded.

We have jurisdiction under 28 U.S.C. § 1291 to entertain Scott's appeal. We review an award of fees under 28 U.S.C. § 1447(c) for an abuse of discretion. See Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 226 (3d Cir. 2003); Mints, 99 F.3d at 1260. A district court abuses its discretion by basing its decision on a "clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." Roxbury Condo. Ass'n, 316 F.3d at 226 (citation and quotation omitted).

Scott contends that the District Court erred in awarding costs and expenses where there was no evidence that the Defendants had acted in bad faith in removing the case, and where the District Court itself noted that the decision to remove was reasonable.[3] As we have noted before, a district court has "broad discretion and may be flexible in determining whether to require the payment of fees under [28 U.S.C. § 1447(c)]." Mints, 99 F.3d at 1260. A showing of bad faith is not a prerequisite for an award of fees under 28 U.S.C. § 1447(c), although it may be a consideration. Id. In this matter, the District Court noted that the defect in removal was not substantive, as it was clear that federal question jurisdiction would exist under 28 U.S.C. § 1331 for some of Plaintiffs' claims. Nonetheless, the manner of removal was found defective insofar as unanimous or express consent from all Defendants was found

[3]As an initial matter, we reject Plaintiffs' contention that the issue of the award of fees pursuant to 28 U.S.C. § 1447(c), as opposed to the amount of the fees, is not properly before the Court. Until the fees had been quantified by the District Court, Scott was not in a position to bring an appeal to this Court. Accordingly, we will review both the District Court's September 26, 2002 and April 5, 2004 orders in determining whether Scott was properly assessed fees.

-4-

lacking.

On the record before us, we find no abuse of discretion in the District Court's decision. It is well-established that removal, subject to only a few exceptions, requires unanimity among the defendants. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). In this case, the Defendant Borough of Cressona filed a notice of removal along with two "Certificate of Concurrence" certifying that the other two Defendants – Charles C. Scott in his capacity as representative of the Estate of Anna R. Scott, and the Township of North Manheim, Schuylkill County, Pennsylvania – concurred in the removal. Agreeing with the report of the magistrate, the District Court found the expression of the Defendants' unanimous consent to be lacking to the extent that the Borough of Cressona was seeking to represent to the court that the other Defendants concurred in the removal. E.g., Carter v. Ingersoll-Rand Co., Inc., 2001 WL 238540 at *2 (E.D. Pa. Mar. 12, 2001) ("Courts consistently have required each defendant to express its position to the court directly, and have held that one defendant's allegation that another defendant joins in removal is insufficient."). Accordingly, although the filing of the notice of removal was reasonable given the existence of certain federal claims, the method and manner of removal was found to be defective. In such circumstances, Plaintiffs were required to file motions seeking remand before both the magistrate judge and District Court, thereby incurring expenses as a result of Defendants' defective removal. District courts possess broad discretion to address the reimbursement of costs in precisely these types of situations. See 28 U.S.C. § 1447(c).

Scott's second contention on appeal is that the District Court erred in assessing costs and expenses against him in his individual capacity because at the time the notice of removal was filed on October 12, 2001, he was listed as a defendant only in his capacity as personal representative of the Estate of Anna R. Scott. Scott was not added to the proceeding in his individual capacity until after the Plaintiffs moved to remand and after the magistrate judge made his report and recommendation. We note, however, that after it became apparent that there was a potential defect in the manner of removal, Scott proceeded to oppose remand not just in his representative capacity, but in his individual capacity as well. In particular, on May 7, 2002, Scott filed a motion to declare Plaintiffs' motion to remand moot. In addition, on December 2, 2002, Scott jointly filed with the other Defendants a reply brief to Plaintiffs' brief in opposition to their motion for reconsideration. In both pleadings, Scott participated in the opposition to remand in his individual capacity. Accordingly, because Scott entered the dispute regarding remand in his individual capacity, we can find no error in the District Court's decision to assess fees against him in that capacity.

We address one final issue raised by the appeal. Plaintiffs contend that the District Court should have awarded them a larger amount in attorney fees, and that accordingly "this Court should increase the fee award." (Appellees' Br. at 6.) We, however, decline to do so. Having failed to file a cross-appeal from the District Court's order, we find that Plaintiffs cannot now contend that the District Court's award was in error. See United States v. Tabor Court Realty Corp., 943 F.2d 335, 343, 344 (3d Cir. 1991) (noting that although the principle

is subject to certain exceptions, "an appellee who has not filed a timely cross-appeal may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary") (citations omitted).

### III. Conclusion

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the order of the District Court will be affirmed.

-----