

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2005

# Giangrante v. Varallo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Giangrante v. Varallo" (2005). *2005 Decisions.* Paper 380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4467

_____

GABRIELLE GIANGRANTE
A MINOR BY AND THROUGH HER P/N/G LISA
GUERRIERO

v.

BERARDINO C. VARALLO; ANTONETTA VARALLO

Gabrielle Giangrante
A Minor, by and through her parent and natural
guardian Lisa Guerriero,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-04788)
District Judge: Honorable Charles R. Weiner

_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2005

Before: ALITO, and AMBRO, Circuit Judges
RESTANI,* Chief Judge

(Opinion filed    October 19, 2005)

_____

* Honorable Jane A. Restani, Chief Judge, United States Court of International
Trade, sitting by designation.

## OPINION

AMBRO, <u>Circuit Judge</u>

Gabrielle Giangrante appeals from an order entered October 29, 2004, denying her request for attorney fees pursuant to 28 U.S.C. § 1447(c). Ms. Giangrante initiated this action in the Philadelphia County Court of Common Pleas. It is undisputed that she is a resident of the State of New Jersey and the defendants are citizens of the Commonwealth of Pennsylvania. On the basis of diversity jurisdiction, the defendants removed the case to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441(b).

Ms. Giangrante filed a motion for remand to the Court of Common Pleas. She asserted that the defendants were precluded from removing the case to federal court on the basis of diversity jurisdiction because they were citizens of the forum state. *See* 28 U.S.C. §1441(b) (stating that forum defendants are not permitted to remove an action if the matter is brought in their own forum). The District Court agreed and granted Ms. Giangrante's motion to remand the case to state court for lack of subject matter jurisdiction. She then filed a motion for attorney fees and costs in connection with the improper removal of the case by the defendants. The District Court granted her motion in part, awarding her $21.48 in costs arising from the removal, but denied her request for attorney fees "without prejudice to the motion being reasserted in state court proceedings

2

following remand." This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 to entertain Ms. Giangrante's appeal. We review the denial or award of fees under 28 U.S.C. § 1447(c) for an abuse of discretion. *See Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003). A district court abuses its discretion by basing its decision on a "clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *Id*. at 226 (citation and quotation omitted).

The relevant statutory text from Section 1447(c) provides that "[a]n order remanding the case *may require* payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Indeed, it is well-settled that the resolution of a motion to grant attorney fees in connection with improper removal of a state court action to federal court is a matter committed to the sound discretion of the district court. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (recognizing that a district court has "broad discretion and may be flexible in determining whether to require the payment of fees under [28 U.S.C. § 1447(c) ]."). We have also explained that "there is no definitive criteria against which applications for fees and costs under 1447(c) are judged." *Id*.

On the record before us, we cannot conclude that the District Court's decision to deny Ms. Giangrante's request for attorney fees constitutes an abuse of discretion. Here, counsel for the defendants immediately acknowledged his mistake in removing the case

3

and did not oppose Ms. Giangrante's motion to remand the matter to state court. As a result, any inconvenience caused by the erroneous removal was minimal. It is also worth noting that Ms. Giangrante has entered into a contingency fee arrangement with her attorney. Thus, unlike many cases in which a party must pay attorney fees regardless of the outcome, Ms. Giangrante is only obligated to reimburse her attorney if she recovers in her personal injury action. Under these circumstances, it is reasonable to allow the state court to resolve the fees issue.

Ms. Giangrante further contends that the District Court erred in denying her motion for attorney fees "without prejudice to be reasserted in the state court proceeding following remand." She cites *Toledo Police Patrolmen's Ass'n v. City of Toledo*, 167 F. Supp. 2d 975, 976 (N.D. Ohio 2001), to support her assertion that the state court is not competent to determine whether to reward fees. *Toledo Police Patrolmen's Ass'n* held that a state court does not have jurisdiction over a post-remand fee petition because the determination of "whether to award fees necessarily requires a determination about the propriety of removal *ab initio*." Quoting the Supreme Court's decision in *Harrison v. St. Louis & San Francisco R.R. Co.*, 232 U.S, 318 (1914), the Court went on to say that

> when an issue of whether a prayer for removal was rightfully asked arises, a federal question results which is determinable by the federal courts of the United States free from limitation or interference arising from an exertion of state power.

167 F. Supp. 2d at 977 (quoting *Harrison*, 232 U.S. at 318).

We need not reach this question because the appellant was clearly not harmed by

4

the portion of the District Court's order specifying that the denial of fees was without prejudice. If the state court on remand awards fees and if the defendants object, the issue can be resolved in state court.

For these reasons, the judgment of the District Court is affirmed.