

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# Siebert v. Norwest Bank MN

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4422

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Siebert v. Norwest Bank MN" (2006). *2006 Decisions*. Paper 1631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4422

———

ERIC J. SIEBERT; RUTH A. SIEBERT,

*Appellants*

v.

NORWEST BANK MINNESOTA, AS TRUSTEE FOR THE AMRESCO
RESIDENTIAL SECURITIES MORTGAGE LOAN TRUST 1998-2;
FIDELITY NATIONAL FORCLOSURE SOLUTIONS; WENDOVER
FINANCIAL SERVICES; RALPH CASALE;
CASALE & PELLEGRINO, L.L.C.

———

On Appeal from the United States District Court for the District of New Jersey
(D.C. Civil No. 02-cv-4356)
District Court Judge: Honorable Jose L. Linares

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
January 30, 2006

Before: McKEE, VAN ANTWERPEN, and SILER,[*] *Circuit Judges*.

(Filed: February 7, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

---

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States
Court of Appeals for the Sixth Circuit, sitting by designation.

Appellants Eric and Ruth Siebert, plaintiffs below, challenge the Order of the District Court denying their request for attorney fees and costs under 28 U.S.C. § 1447(c) following remand of their case to state court. The Sieberts successfully challenged on procedural grounds the defendants' petition to remove the case to federal court. Following remand, they sought fees and costs. The District Court referred the matter to a Magistrate Judge, who denied the request; on appeal, the District Court affirmed. Because the District Court was within its discretion to deny the fee request, we will affirm.

**I**

On July 29, 2002, the Sieberts filed a Complaint in the Superior Court of New Jersey, Bergen County, naming as defendants Norwest Bank Minnesota as Trustee of a Mortgage Trust, Fidelity National Foreclosure Solutions, Wendover Financial Services, Ralph Casale, Esq., Casale & Pellegrino, LLC, and a John Doe. The lawsuit involved alleged misconduct by the defendants in foreclosure proceedings against the Sieberts. In the Complaint, the Sieberts included two New Jersey statutory consumer protection claims, and a federal claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. On September 6, 2002, Wendover Financial Services filed a notice of removal indicating (1) that the District Court had federal question jurisdiction under 28 U.S.C. § 1331, and removal was available under 28 U.S.C. § 1441; (2) that only Ralph Casale and Casale & Pellegrino had been served; and (3) that they had "both indicated their consent to this removal." Wendover alleged oral consent only. After the time for filing for removal had passed, the defendants filed untimely written consents to removal.

The Sieberts moved for remand on November 20, 2002. A Magistrate Judge issued

a report on July 16, 2003 recommending remand based on the failure to obtain written consent to removal from Casale individually and the firm of Casale & Pellegrino. The Sieberts had included a request for fees and costs in their motion, but the report and recommendation was silent on it; accordingly, they filed a limited objection renewing their request for expenses. On October 6, 2003, the District Court, Judge Jose L. Linares, reviewed the report and recommendation *de novo*, adopted it, and ordered remand. However, he referred the Sieberts' request for fees and costs to the Magistrate Judge.

The Sieberts argued below that they were entitled to attorney fees and costs under 28 U.S.C. § 1447(c), which provides that the court "may" order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." They claimed that because Wendover's removal was procedurally improper, the Court should exercise its discretion to award fees and costs for obtaining a remand to the Sieberts. In an August 12, 2004 Order, the Magistrate Judge denied the request, noting (1) that there was a sound legal basis for removal – namely, federal question jurisdiction; and (2) that the law in the District of New Jersey, the Third Circuit, and elsewhere was unsettled as to whether defendants could orally consent to removal. The Sieberts appealed to the District Court. Reasoning that the fee award determination was non-dispositive, it reviewed the Magistrate Judge's Order under the "clearly erroneous or contrary to law" standard set forth in the Magistrate Act, 28 U.S.C. § 636(b)(1)(A). Because § 1447(c) leaves the award of costs and fees in the discretion of the court, the District Court also noted that it would only reverse for abuse of discretion. The Sieberts argued that because the District Court had initially treated their motion to remand as dispositive, and because that motion had included a fee request, the

District Court should review the fee issue *de novo*. The District Court properly observed, however, that the dispositive aspect of the case was the remand motion itself; not the fee request. It went on to agree with the Magistrate Judge, and affirmed the denial of fees and costs. It also noted that it would have affirmed even if review were *de novo*. The Sieberts timely appealed.

## II

Our jurisdiction lies pursuant to 28 U.S.C. § 1291. The substance of a remand to state court under 28 U.S.C. § 1447(c) following a removal attempt is unreviewable. 28 U.S.C. § 1447(d); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1258 (3d Cir. 1996). In contrast, fee awards under that section are collateral issues over which federal courts retain jurisdiction after remand. *Id.* The Sieberts incorrectly contend that our standard of review over the award determination is *de novo*. Their argument is addressed *infra*, section III; for present purposes, it suffices to note that the proper standard is abuse of discretion. *Id.* at 1260. "A district court abuses its discretion by basing its decision on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003) (citations and quotations omitted).

## III

The Sieberts argue that this Court should review the District Court's decision affirming the denial of fees and costs by the Magistrate *de novo*. We disagree. There is no authority for *this* Court to review decisions on the award of fees under § 1447(c) for anything other than abuse of discretion. This is so because award of fees under § 1447(c) is

-4-

discretionary: the statutory language, which states that remand orders "may require" payment of fees is plain in this respect. 28 U.S.C. § 1447(c). This Court has held as much. *Mints*, 99 F.3d at 1260 (holding that court of appeals reviews counsel fees following remand for abuse of discretion); *see Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (reviewing district court's affirmance of magistrate's ruling on non-dispositive discovery motions for abuse of discretion).

The Sieberts also argue that *de novo* review is called for because the Magistrate Judge and the District Court adjudicated the fee issue on the basis of a strictly legal question – namely, whether or not it is settled law that defendants must consent to removal in writing. This confuses entitlement to fees under § 1447(c) in the first instance with the subsequent – and discretionary – decision whether to award them. As discussed below, the clarity of procedural law governing removal is a factor a court may consider when determining whether to grant fees upon remand; not a question of law regarding entitlement to fees in the first instance. *See Mints*, 99 F.3d at 1260 (district courts have broad discretion in fee awards under § 1447(c)).

**IV**

Predicated on their belief that our review is *de novo*, the Sieberts argue that the District Court erred in denying their request for fees. As discussed, our review is for abuse of discretion, and the record reveals no such abuse. As we have noted, § 1447(c) grants district courts broad discretion in determining whether to award fees following a remand. *Mints*, 99 F.3d 1260. Bad faith on the part of the removing party is not a prerequisite to an award of attorneys fees, but it is a consideration. *Id.* Similarly, where the substantive basis

for the removal petition was "frivolous" or "insubstantial," a district court may exercise its discretion to award fees. *See id*. at 1261 (where basis for removal "was, if not frivolous, at best insubstantial," district court did not abuse its discretion by awarding fees). We have not had occasion to examine in a precedential opinion the significance of fatal *procedural* flaws like those here when determining post-remand fee awards,[1] but the answer is nonetheless plain.

The Sieberts argue that it was an abuse of discretion to deny their fee request in light of defendants' collective failure to provide timely written consents that gave rise to the remand. To the contrary, however, it is not necessarily an abuse of discretion to deny a fee request where a removal attempt failed for procedural reasons; rather the issue is within the discretion of the district court, which must weigh the circumstances of the case before it. *Mints*, 99 F.3d 1260. The Sieberts also argue that the law is settled in the District of New Jersey that removal petitions on behalf of multiple defendants must include timely *written* consent by all,[2] and that defendants' failure to comply necessitates an award of fees. Again, that plaintiffs may be able to obtain fees and costs because defendants have procedurally bungled removal does not mean that such fee awards are automatic. Rather, district courts must exercise their discretion in view of the circumstances of the case. We find no reason

---

[1] We did, however, hold in a recent unpublished opinion with similar facts that a district court was within its discretion to deny fees where several defendants failed to provide written consent to removal, even though the substantive basis for removal was sound. *Hammer v. Scott*, 137 Fed. Appx. 472, 475 (3d Cir. 2005).

[2] At least two District of New Jersey cases do hold that timely written consents are required. *E.g.*, *Michaels v. New Jersey*, 955 F. Supp. 315 (D.N.J. 1996). However, the Third Circuit has not visited the issue, and it is the subject of some disagreement among federal courts nationwide.

to disturb the judgment of the District Court, where it determined that even if Wendover should have obtained written consents to removal, the law on that procedural issue was debatable.

Furthermore, because the Sieberts included a federal claim in their Complaint, the removal petition was substantively sound, and neither frivolous nor insubstantial. They allege neither clearly erroneous fact finding, nor misapplication of law to fact. Nor do they assert an actual legal error. They do claim that the District Court erred in determining the legal standard for awarding fees, but the argument is specious. The District Court's enunciation of the standard accords with the Third Circuit's precedent in *Mints*, set forth above. Accordingly, the District Court was within its discretion to deny the fee request.

## V

The Sieberts also argue that the District Court should have reviewed the Magistrate Judge's denial of their fee request *de novo*, rather than determining whether it was "clearly erroneous or contrary to law" and applying abuse of discretion review. This claim is unavailing. Any error would be harmless because the District Court's decision would have been the same under either standard of review. In reviewing the denial for abuse of discretion, the District Court stated that it "would not reach a different outcome were it to treat this matter as dispositive under [the Magistrate Act], allowing *de novo* review of a magistrate's proposed findings and recommendations." It went on to make a full review of the issue, and affirmed. We therefore need not, and do not, reach the issue of the correct standard of review: doing so would not change the result. *See Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005) (error harmless where highly probable that it did not affect

outcome of the case).

## VI

For the foregoing reasons, we will affirm the Order of the District Court. We have considered all other arguments advanced by the parties, and conclude that further discussion is not warranted.