OPINION
SLOVITER, Circuit Judge.
JP Morgan Chase & Co. (“JP Morgan”) appeals from the order of the District Court granting attorney’s fees and costs under 28 U.S.C. § 1447(c) to the adverse party, First American Title Insurance Corporation, for removing the underlying action from state court. Because the merits of the parties’ claims against each other will be decided by the state court to which the District Court remanded the action, we allude to them only briefly, concentrating instead on the award of fees and costs.
I.
Background
Allied Mortgage Group, Inc. (“Allied”) made a $868,500 loan to Christopher Fekos that was secured by a mortgage on a property owned by Fekos (the “Allied Mortgage”). Allied purchased title insurance from First American, which in turn assigned its agent, Ideal Settlement Services (“Ideal”), to transact the closing and issue the policy. Allied later assigned the mortgage and the right to be indemnified under the title insurance policy to Bank One, NA, which subsequently merged with JP Morgan, the Appellant.
Ideal failed to promptly record that mortgage, and because Fekos subsequently obtained two additional loans from other banks, each of which was secured by a mortgage on the Fekos property and was recorded before the Allied Mortgage, when the property was eventually foreclosed the Allied Mortgage was discharged without recovery.
First American, the title company, anticipated that JP Morgan — the holder of the mortgage at the time the complaint was filed — would sue to recover its loss, and therefore First American preemptively filed suit in Pennsylvania state court. Count One of the complaint sought a declaratory judgment that First American need not indemnify JP Morgan because “Bank One, JP Morgan’s predecessor in interest, failed to provide First American with timely notice of the foreclosure action and Sheriffs Sale on the property, which prejudiced First American and violated the notice provision of the Policy.” Appellee’s Br. at 6-7. Count Two sought a declaratory judgment that, if First American was liable to JP Morgan, Ideal must indemnify First American for “any and all losses incurred in connection with [the] dispute” between JP Morgan and First American. Appellee’s Br. at 7.
JP Morgan attempted to remove the suit to federal court under 28 U.S.C. § 1441 on the basis of diversity of citizenship between JP Morgan and First American, and there is no suggestion that they are not diverse. Ideal, on the other hand, is described in the complaint as a Pennsylvania limited liability company, and as such its citizenship is “determined by the citizenship of its members.” Zambelli Fireworks *66 Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir.2010). The District Court found that “Ideal is, on the face of the Complaint, a citizen of ... Pennsylvania,” App. at 17 n. 4, a conclusion shared and reiterated by First American on appeal, see Appellee’s Br. at 19 (“Because Ideal is a citizen of Pennsylvania....”). Section 1441(b) authorizes removal “only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.” Removal also requires unanimity among defendants, and the record does not reflect Ideal’s consent. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir.1995). Acknowledging these obstacles, JP Morgan moved the District Court, in part, to realign Ideal as a co-plaintiff with First American because Ideal’s “interests would be protected if First American’s interpretation of the policy was correct and JP Morgan ... was precluded from making a claim.” Appellant’s Br. at 8.
The District Court denied the motion, remanded the case to state court, and awarded First American $8,456.00 in attorney’s fees pursuant to 28 U.S.C. § 1447(c). JP Morgan moved for reconsideration of the attorney’s fees award only. The District Court denied that motion, stating that “a lack of jurisdiction is plain in this case and would have been revealed ... with little to no research,” and awarded First American an additional $8,992.00 for attorney’s fees associated with litigating the remand motion. App. at 25. JP Morgan timely appealed.[1]
II.
Discussion
“We review an award of attorneys’ fees under section 1447(c) for abuse of discretion.” Roxbury Condo. Ass’n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 226 (3d Cir.2003) (citation omitted). The Supreme Court has held that “[a]bsent unusual circumstances, courts may award attorney’s fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.” Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).
JP Morgan argues that its position that Ideal could have been realigned was objectively reasonable. We agree. As JP Morgan asserts, the primary purpose of the underlying litigation is “to determine whether First American is liable on its policy,” Appellant’s Br. at 18, whereas “Ideal [is] in this case only because First American alleges if it is liable ... then Ideal is liable over to it for negligently conducting the closing at which the lien was not timely recorded,” Appellant’s Br. at 19. Ideal and First American are therefore similarly situated to “insurers which insure the same risk.” Appellant’s Reply Br. at 3.
We have held that courts can realign such insurers — even those whose interests are potentially or actually adverse as to coverage — to be on the same side of a lawsuit for the purpose of finding or defeating diversity jurisdiction on the basis that they share a common interest in avoiding liability to the insured. Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 863-67 (3d Cir.1991). It was not objectively unreasonable for JP Morgan to argue that this theory of realignment should similarly apply in removal actions. See Chi., R.I. & P.R. Co. v. Stude, 346 U.S. 574, 579-80, 74 S.Ct. 290, 98 L.Ed. 317 (1954) (realigning defendant as a plaintiff for purposes of § 1441 and *67 affirming remand); cf. Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156 (3d Cir.1995) (“where party designations have jurisdictional consequences,” a court must “align the parties before determining jurisdiction.”) (internal citation and quotation omitted). Under these circumstances, we cannot fault JP Morgan for its effort to realign the defendants.
As a result, we will not sustain the District Court’s award of attorney’s fees and costs against JP Morgan in connection with the removal action, and it follows that we will not sustain the award in connection with the motion for reconsideration.[2]
III.
Conclusion
For the reasons set forth above, we will reverse the District Court’s order awarding attorney’s fees and costs to First American.

. We have jurisdiction under 28 U.S.C. § 1291 to hear JP Morgan's appeal of the award of attorney’s fees under 28 U.S.C. § 1447(c). Roxbury Condo. Ass’n v. Anthony S. Cupo Agency, 316 F.3d 224, 226 (3d Cir.2003).

. We do not hold that the District Court must or should have realigned Ideal. We only hold that Ideal's arguments for an extension of the law were not objectively unreasonable.